On writ of certiorari (340 U. S. 903) to review a judgment of the United States Court of Claims holding that plaintiff was entitled to recover on his claim for refund of income taxes for 1944 and interest and penalty on part thereof where plaintiff during the year 1944 received from the corporation of which he was an officer and employee a stated salary and in addition a bonus of 10 percent of the net profits of the company before deduction of taxes, all of which was returned by plaintiff as taxable income for 1944 and the tax paid thereon, and where, thereafter, in 1946, in litigation between plaintiff and the company in a State court it was adjudged that plaintiff was entitled to the bonus of 10 percent after taxes, instead of before taxes; and where, in accordance with the State court’s decree, plaintiff made a proper refund to the corporation. Judgment for the plaintiff in the amount of $7,217.16.
On March 26, 1951, the judgment of the Court of Claims was reversed by the Supreme Court in an opinion delivered by Mr. Justice Black, holding :
Under the “claim of right” doctrine announced in North American Oil v. Burnet, 286 U. S. 417, the entire $22,000 was income in 1944, and respondent was not entitled to recompute his 1944 tax.
The opinion of Mr. Justice Black is as follows:
Respondent Lewis brought this action in the Court of Claims seeking a refund of an alleged overpayment of his 1944 income tax. The facts found by the Court of Claims are: In his 1944 income tax return, respondent reported about $22,000 which he had received that year as an employee’s bonus. As a result of subsequent litigation in a state court, however, it was decided that respondent’s bonus had been improperly computed; *652 under compulsion of .the state court’s judgment he returned approximately $11,000 to his employer. Until payment of the judgment in 1946, respondent had at all times claimed and used the full $22,000 unconditionally, as his own, in the good faith though “mistaken” belief that he was entitled to the whole bonus.
On the foregoing facts the Government’s position is that respondent’s 1944 tax should not be recomputed, but that respondent should have deducted the $11,000 as a loss in his 1946 tax return. See G. C. M. 16730, XV-1 Cum. Bull. 179 (1936). The Court of Claims, however, relying on its own case, Greenwald v. United States, 57 F. Supp. 569, held that the excess bonus received “under a mistake of fact” was not income in 1944 and ordered a refund based on a recalculation of that year’s tax. 91 F. Supp. 1017. We granted certiorari, 340 U. S. 903, because this holding conflicted with many decisions of the courts of appeal, see, e. g., Haberkoon v. United States, 173 F. 2d 587, and with principles- announced in North American Oil v. Burnet, 286 U. S. 417.
In the North American Oil case we said: “If a taxpayer receives earnings under a claim of right and without restriction as to its disposition, he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent.” 286 U. S. at 424. Nothing in this language permits an exception merely because a taxpayer is “mistaken” as to the validity of his claim. Nor has the “claim of right” doctrine been impaired, as the Court of Claims stated, by Freuler v. Helvering, 291 U. S. 35, or Comm'r v. Wilcox, 327 U. S. 404. The Freuler case involved an entirely different section of the Internal Revenue Code, and its holding is inapplicable here. 291 U. S. at 43. And in Commir v. Wilcox, supra, we held that receipts from embezzlement did not constitute income, distinguishing North American Oil on the ground that an embezzler asserts no “bona fide legal or equitable claim.” 327 U. S. at 408.
Income taxes must be paid on income earned (or accrued) during an annual accounting period. Cf. I. R. C., §§ 41, 42; and see Burnet v. Sanford & Brooks Co., 282 U. S. 359, 363. The “claim of right” interpretation of the tax laws has long been used to give finality to that period, and is now deeply rooted in the federal tax system. See cases collected in 2 Mertens, Law of Federal Income Taxation, § 12.103. We see no reason why the Court should depart from this well-settled in *653 terpretation merely because it results in an advantage or disadvantage to a taxpayer.* Reversed.

It has been suggested that It would be more “eguitable” to reopen respondent’s 1944 tax return. While the suggestion might work to the advantage of this taxpayer, it could not be adopted as a general solution because, in many eases, the three-year statute of limitations would preclude recovery. I. R. C., I 32a (b).