552

BARNHARDT et al. v. UNITED STATES.

Civ. A. No. 747.

United States District Court
W. D. North Carolina, at Charlotte.

June 15, 1951.

Richard E. Thigpen and Arthur M. Jenkins, of Charlotte, N. C., for the plaintiffs.

T. A. Uzzell, Jr., U. S. Atty., Asheville, N. C., and Francis H. Fairley, Asst. U. S. Atty., Charlotte, N. C., for the United States.

WARLICK, District Judge.

This action came on at a regular scheduled term of the United States District Court for the Western District of North Carolina, at Charlotte, and was heard by the court without a jury, on the pleadings, the oral evidence offered, the stipulations agreed upon, and the briefs submitted by the parties. In due time, having considered all the facts involved in the case and the law applicable thereto, the following findings and conclusions are made by the court:

### Findings of Fact.

1. The plaintiffs in this action seek to recover income taxes and interest paid with respect to their tax year 1945 as follows:

| | |
|---|---:|
| William H. Barnhardt | $5,308.34 |
| William H. Barnhardt, Guardian for John David Barnhardt, Infant | 967.17 |
| William H. Barnhardt, Guardian for Charles F. Barnhardt, Infant | 967.17 |
| William H. Barnhardt, Guardian for Nancy B. Barnhardt, Infant | 967.17 |
| William H. Barnhardt, Guardian for William McL. Barnhardt, Infant | 967.17 |
| Margaret McL. Barnhardt | 1,400.67 |
| Ray A. Spooner | 2,926.57 |
| W. Murray Field | 155.00 |

2. The matter in controversy for any one plaintiff does not exceed, exclusive of interest and costs, the sum of $10,000 and all conditions precedent to the bringing of the action have been performed or have occurred.

3. William H. Barnhardt is the duly qualified and acting guardian of John David Barnhardt, Charles F. Barnhardt, Nancy B. Barnhardt, and William McL. Barnhardt, infants, having been appointed as such by the Clerk of the Superior Court of Mecklenburg County, North Carolina, on December 27, 1943.

4. The plaintiffs are resident citizens of Charlotte, Mecklenburg County, North Carolina, and constitute all except two of

the stockholders of Barnhardt Brothers Company.

5. Barnhardt Brothers Company is a corporation duly organized and existing under the laws of the State of North Carolina, having its principal place of business at 602 Commercial Bank Building, Charlotte, North Carolina.

6. On December 31, 1945, there were issued and outstanding $10,000 shares of the capital stock of Barnhardt Brothers Company, held as follows:

| | |
|---|---|
| William H. Barnhardt | 2,880 shares |
| William H. Barnhardt, Guardian for John David Barnhardt, Infant | 1,000 shares |
| William H. Barnhardt, Guardian for Charles F. Barnhardt, Infant | 1,000 shares |
| William H. Barnhardt, Guardian for Nancy B. Barnhardt, Infant | 1,000 shares |
| William H. Barnhardt, Guardian for William McL. Barnhardt, Infant | 1,000 shares |
| Margaret McL. Barnhardt | 1,000 shares |
| Ray A. Spooner | 2,000 shares |
| W. Murray Field | 100 shares |
| Adam Clement | 10 shares |
| Charles E. Boger, Jr. | 10 shares |
| Total | 10,000 shares |

and said shares were so held throughout the year 1945, except that on October 8, 1945, Charles E. Boger, Jr., acquired his 10 shares from William H. Barnhardt.

7. Barnhardt Brothers Company for the calendar year 1945 was a personal service corporation as defined in Section 725 of the Internal Revenue Code, 26 U.S.C.A. § 725, and keeps its books and reports its income upon the calendar year basis.

8. For the calendar year 1945 Barnhardt Brothers Company kept its books and filed its corporation income and declared value excess profits tax return (Form 1120) and its personal service corporation return of income (Form 1121PS) upon the cash receipts and disbursements basis; its said returns were duly filed, pursuant to extension granted, with the Collector of Internal Revenue for the District of North Carolina on April 10, 1946.

9. In its said tax returns Barnhardt Brothers Company signified in the manner prescribed by regulations of the Commissioner of Internal Revenue, its election not to be subject to the tax imposed by Subchapter E, Chapter 2, Subtitle A, of the Internal Revenue Code, 26 U.S.C.A. § 710 et seq., commonly called the excess profits tax.

10. For the calendar year 1945 the net income of Barnhardt Brothers Company was $77,803.88 as shown on Form 1120, corporation income and declared value excess profits tax return, filed by said company.

11. For the calendar year 1945 the Supplement S net income of Barnhardt Brothers Company was $46,682.33, and the Undistributed Supplement S net income of Barnhardt Brothers Company was None, all as shown on Form 1121PS, personal service corporation return of income filed by said company.

12. On December 27, 1945, the Board of Directors of Barnhardt Brothers Company adopted the following resolution:

"Whereas, this corporation is engaged in the business of selling yarn and other textile products of manufacturers and for which services it received compensation in the form of commissions upon such sales; and

"Whereas, such commissions are received as the result of the personal services rendered by its principal shareholders; and

"Whereas, the amount of accumulated earnings is more than sufficient to finance the current operations of this personal service corporation,

"Now Therefore Be It Resolved

"That Twenty Five Thousand ($25,000.-00) Dollars be distributed to the shareholders of record on this date, as a dividend of Two Dollars and 50/100 ($2.50) per share of capital stock, and that the Treasurer be and he is hereby authorized to make payment of this distribution forthwith."

Pursuant to the foregoing resolution, on December 27, 1945, Barnhardt Brothers Company paid $25,000 to its stockholders, as follows:

| | |
|---|---:|
| William H. Barnhardt | $ 7,200.00 |
| William H. Barnhardt, Guardian for John David Barnhardt, Infant | 2,500.00 |
| William H. Barnhardt, Guardian for Charles F. Barnhardt, Infant | 2,500.00 |
| William H. Barnhardt, Guardian for Nancy B. Barnhardt, Infant | 2,500.00 |
| William H. Barnhardt, Guardian for William McL. Barnhardt, Infant | 2,500.00 |
| Margaret McL. Barnhardt | 2,500.00 |
| Ray A. Spooner | 5,000.00 |
| W. M. Field | 250.00 |
| Adam Clement | 25.00 |
| Charles E. Boger, Jr. | 25.00 |
| Total Paid | $25,000.00 |

13. William H. Barnhardt, as guardian of John David Barnhardt, Charles F. Barnhardt, Nancy B. Barnhardt, and William McL. Barnhardt, upon receipt of the amounts of the dividends set forth in Paragraph 12 above deposited such amounts in accounts maintained by him with a Building and Loan Association wherein all income received by his wards during 1945, including the above dividends, was deposited.

14. William H. Barnhardt, Margaret McL. Barnhardt, Ray A. Spooner and W. Murray Field each upon receipt of the amount of the dividend set forth in Paragraph 12 above deposited in his and her bank the check covering the dividend in his or her general checking account.

15. On April 8, 1946, the Board of Directors of Barnhardt Brothers Company adopted the following resolution:

"Whereas, on December 27, 1945, the directors of the corporation purported to declare and pay as a dividend out of accumulated earnings $2.50 per share of stock, a total of $25,000.00 and did pay said sum to stockholders of record on said date, as follows:

| Name of Stockholder | No. of Shares Held 12–27–45 | Amount Received |
|---|---:|---:|
| Wm. H. Barnhardt | 2,880 | $ 7,200.00 |
| Wm. H. Barnhardt, Guardian for John D. Barnhardt | 1,000 | 2,500.00 |
| Wm. H. Barnhardt, Guardian for Charles F. Barnhardt | 1,000 | 2,500.00 |
| Wm. H. Barnhardt, Guardian for Nancy B. Barnhardt | 1,000 | 2,500.00 |
| Wm. H. Barnhardt, Guardian for Wm. McL. Barnhardt | 1,000 | 2,500.00 |
| Margaret McL. Barnhardt | 1,000 | 2,500.00 |
| Ray A. Spooner | 2,000 | 5,000.00 |
| W. Murray Field | 100 | 250.00 |
| Adam Clement | 10 | 25.00 |
| Charles E. Boger, Jr. | 10 | 25.00 |
| | 10,000 | $25,000.00 |

and

"Whereas the foregoing payments were authorized by the directors of the corporation in order to keep at a low figure the surplus of the corporation and to preserve the status of the corporation as a personal service corporation, and

"Whereas the said payments by the corporation were authorized by the directors by mistake while under the erroneous impression that the corporation, as a personal service corporation, was not liable for the payment of Federal normal and surtaxes on its income for 1945; and

"Whereas the money so authorized for payment, having been paid by mistake, represents money belonging to the corporation in the hands of its stockholders;

"Now, Therefore, Be It Resolved:

"1. That the entire payment of $2.50 per share totaling $25,000 made on December 27, 1945, be and is hereby rescinded and recalled as a mistaken payment of money belonging to the corporation;

"2. That the stockholders of the corporation by whom the said payment was received be called upon to refund immediately the full amount of said payment as being money belonging to the corporation;

"3. That the proper officers of the corporation be and are hereby authorized to take appropriate action to effect the prompt recovery by the corporation of its money totaling $25,000, in the hands of its stockholders."

16. In April, 1946, after a request was made by the officers of Barnhardt Brothers Company, William H. Barnhardt, as guardian for John David Barnhardt, Charles F. Barnhardt, Nancy B. Barnhardt, and William McL. Barnhardt withdrew $2,500 from each of his wards respective accounts with the Building and Loan Association and paid to Barnhardt Brothers Company the amount of the dividend they had each received pursuant to the December 27, 1945, resolution.

17. In April, 1946, after request was made by the officers of Barnhardt Brothers Company, William H. Barnhardt, Margaret McL. Barnhardt, Ray A. Spooner and W. Murray Field withdrew from their respective checking accounts and paid to Barnhardt Brothers Company the amount of the dividend each had received pursuant to the December 27, 1945 resolution.

18. During the month of January, 1946, the plaintiffs filed their income tax returns for the calendar year 1945 with the Office of the Collector of Internal Revenue for the District of North Carolina and reported their income upon the cash basis of accounting.

19. In their 1945 income tax returns the plaintiffs included as income and paid tax on their proportionate shares (i. e. proportionate to their holdings of the stock of Barnhardt Brothers Company as of December 31, 1945) of the net income of Barnhardt Brothers Company, $77,803.88, as follows:

| | |
|---|---|
| William H. Barnhardt | $22,457.51 |
| William H. Barnhardt, Guardian for John David Barnhardt, Infant | 7,780.30 |
| William H. Barnhardt, Guardian for Charles F. Barnhardt, Infant | 7,780.39 |
| William H. Barnhardt, Guardian for Nancy B. Barnhardt, Infant | 7,780.39 |
| William H. Barnhardt, Guardian for William McL. Barnhardt, Infant | 7,780.39 |
| Margaret McL. Barnhardt | 7,780.39 |
| Ray A. Spooner | 15,560.78 |
| W. M. Field | 778.04 |

20. The plaintiffs paid, prior to or at the time of filing their income tax returns, 1945 income tax as follows:

| | |
|---|---|
| William H. Barnhardt | $30,319.17 |
| William H. Barnhardt, guardian for John David Barnhardt, Infant | 3,487.20 |
| William H. Barnhardt, guardian for Charles F. Barnhardt, Infant | 3,487.20 |
| William H. Barnhardt, guardian for Nancy B. Barnhardt, Infant | 3,487.20 |
| William H. Barnhardt, guardian for William McL. Barnhardt, Infant | 3,487.20 |
| Margaret McL. Barnhardt | 8,179.58 |
| Ray A. Spooner | 10,005.76 |
| W. M. Field | 10,777.00 |

21. On April 10, 1946, the plaintiffs filed claims for refund on Forms 843 with the Collector of Internal Revenue for the District of North Carolina, based upon the contention that there was improperly included in income each taxpayer's pro rata

share of the payment made on December 27, 1945, and the entire amount included as undistributed Supplement S net income as follows:

| | Share of Payment Made on 12/27/45 | Undistributed Supplement S Net Income |
|---|---|---|
| William H. Barnhardt | $7,200.00 | $807.51 |
| William H. Barnhardt, guardian for John David Barnhardt, infant | 2,500.00 | 280.39 |
| William H. Barnhardt, guardian for Charles F. Barnhardt, infant | 2,500.00 | 280.39 |
| William H. Barnhardt, guardian for Nancy B. Barnhardt, infant | 2,500.00 | 280.39 |
| William H. Barnhardt, guardian for William McL. Barnhardt, infant | 2,500.00 | 280.39 |
| Margaret McL. Barnhardt | 2,500.00 | 280.39 |
| Ray A. Spooner | 5,000.00 | 560.78 |
| W. M. Field | 250.00 | 28.04 |

The amounts of the refunds so claimed were as follows:

| | |
|---|---|
| William H. Barnhardt | $5,910.49 |
| William H. Barnhardt, guardian for John David Barnhardt, infant | 1,082.13 |
| William H. Barnhardt, guardian for Charles F. Barnhardt, infant | 1,082.13 |
| William H. Barnhardt, guardian for Nancy B. Barnhardt, infant | 1,082.13 |
| William H. Barnhardt, guardian for William McL. Barnhardt, infant | 1,082.13 |
| Margaret McL. Barnhardt | 909.54 |
| Ray A. Spooner | 3,267.40 |
| W. M. Field | 172.38 |

22. On audit of the plaintiffs' income tax returns for the calendar year 1945, the Commissioner of Internal Revenue, by Revenue Agent's reports dated August 26, 1948, and transmitted to the taxpayers by letter of Internal Revenue Agent in Charge at Greensboro, North Carolina, dated October 20, 1948, (symbols IT:PMS), eliminated from income the amounts included by the plaintiffs in income as undistributed Supplement S net income of Barnhardt Brothers Company as follows:

| | |
|---|---|
| William H. Barnhardt | $807.51 |
| William H. Barnhardt, guardian for John David Barnhardt, infant | 280.39 |
| William H. Barnhardt, guardian for Charles F. Barnhardt, infant | 280.39 |
| William H. Barnhardt, guardian for Nancy B. Barnhardt, infant | 280.39 |
| William H. Barnhardt, guardian for William McL. Barnhardt, infant | 280.39 |
| Margaret McL. Barnhardt | 280.39 |
| Ray A. Spooner | 560.78 |
| W. M. Field | 28.04 |

and determined overassessments as follows:

| | |
|---|---|
| William H. Barnhardt | $518.81 |
| William H. Barnhardt, guardian for John David Barnhardt, infant | 114.96 |
| William H. Barnhardt, guardian for Charles F. Barnhardt, infant | 114.96 |
| William H. Barnhardt, guardian for Nancy B. Barnhardt, infant | 114.96 |
| William H. Barnhardt, guardian for William McL. Barnhardt, infant | 114.96 |
| Margaret McL. Barnhardt | 165.43 |
| Ray A. Spooner | 277.93 |

and a deficiency (by reason of other adjustments) for W. M. Field of $28.67; and the Collector of Internal Revenue has repaid said overassessments to (or collected the deficiency from) the plaintiffs.

23. On or about July 8, 1949, the plaintiffs received notices by United States registered mail from E. I. McLarney, Depu-

ty Commissioner of Internal Revenue, of the disallowance of their claims for refund of 1945 individual income taxes to the extent not previously allowed, in accordance with Section 3772(a) (2) of the Internal Revenue Code, 26 U.S.C.A. § 3772(a) (2).

24. On July 26, 1949, plaintiff Margaret McL. Barnhardt, in order to correct a mathematical error in the computation of the amount of the tax she claimed to have overpaid as contained in said claim for refund, filed an amended claim for refund in the amount of $1,400.67, said sum being the amount of refund claimed after credit for the $165.43 repaid her by the Collector of Internal Revenue. The amended claim for refund filed by her was rejected by the Commissioner under date of June 8, 1950.

25. The Barnhardt Brothers Company had net profits from the operations of its business in 1945 of $77,803.88.

26. The Barnhardt Brothers Company distributed dividends to its stockholders in 1945 in the sum of $75,000.

27. The plaintiffs, as stockholders of Barnhardt Brothers Company, received the $75,000 dividends in good faith.

28. There were no rights of creditors involved as Barnhardt Brothers Company owed nothing.

29. The rights of the plaintiffs as stockholders of Barnhardt Brothers Company to the dividends received by them from that company in 1945 was not questioned by anyone during the year 1945.

30. The plaintiffs received the dividends in question from Barnhardt Brothers Company without restriction on them as to their use of such dividends.

### Conclusions of Law.

1. Section 41 of the Internal Revenue Code, 26 U.S.C.A. § 41, requires that the net income of taxpayers shall be computed upon the basis of the taxpayers' annual accounting period.

2. Section 42 of the Internal Revenue Code, 26 U.S.C.A. § 42, requires that the amount of all items of a gross income shall be included by a taxpayer in his gross income for the taxable year in which such income is received by the taxpayer, and the portions of the $25,000 dividend declared and paid on December 27, 1945 by Barnhardt Brothers Company to the plaintiffs were includible in their respective gross taxable income in the year 1945.

3. The rights of the plaintiffs to the dividends in question were, when received, absolute, and the plaintiffs were under no restrictions contractual or otherwise as to the disposition, use or enjoyment of the questioned dividends.

4. No statute in North Carolina is cited which in 1945 would restrict the plaintiffs from the disposition, use or enjoyment of the questioned dividends and the court is shown no statute of North Carolina which in 1945 required the plaintiffs to repay to Barnhardt Brothers Company any of the dividends they received in 1945 from that company.

5. The determinations made by the Commissioner of Internal Revenue as to each of the plaintiffs' gross income, net income and tax liability for the year 1945 are presently correct, and plaintiffs have failed to sustain the burden of proving that the Commissioner erred in his determinations.

This action is one that compels a hard decision and which shows inherently some of the inequities of the income tax law. The plaintiffs should in equity and good conscience recover, yet such cannot come about as the law seems to be differently written. When the cause was being heard the suggestion was made that the Supreme Court had granted certiorari since certain holdings of the Courts were in conflict. United States v. Lewis, 340 U.S. 903, 71 S.Ct. 279. A careful examination of the several decisions in conflict in the Court of Claims and the Courts of Appeal would warrant such conclusion. Lewis v. United States, 91 F.Supp. 1017, 117 Ct.Cl. 336; Haberkorn v. United States, 6 Cir., 173 F.2d 587; North American Oil Consolidated v. Burnet, 286 U.S. 417, 52 S.Ct. 613, 76 L.Ed. 1197.

I therefore studied the decisions carefully and sensing the deep gulf that had been eroded in the legal fields on the questions involved, withheld my decision herein until such conflict could be resolved.

558

It now is set at rest by the opinion of Mr. Justice Black for the court in United States of America, petitioner, v. Ellis R. Lewis, 340 U.S. 590, 71 S.Ct. 522, 523, handed down March 26, 1951. This case is controlling on the facts herein found and warrants the judgment that plaintiffs cannot recover.

 In the Lewis case it is said, "If a taxpayer receives earnings under a claim of right and without restriction as to its disposition, he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent." 286 U.S. at page 424, 52 S.Ct. at page 615. It is further stated therein "nothing in this language permits an exception merely because a taxpayer is 'mistaken' as to the validity of his claim. Nor has the 'claim of right' doctrine been impaired, as the Court of Claims stated, by Freuler v. Helvering, 291 U.S. 35, 54 S.Ct. 308, 78 L.Ed. 634, or Comm[issioner of Internal Revenue] v. Wilcox, 327 U.S. 404, 66 S.Ct. 546, 90 L.Ed. 752. * * *

"Income taxes must be paid on income earned (or accrued) during an annual accounty period. Cf. I.R.C., §§ 41, 42, 26 U.S.C.A. 41, 42; and see Burnet v. Sanford & Brooks Co., 282 U.S. 359, 363, 51 S.Ct. 150, 151, 75 L.Ed. 383. The 'claim of right' interpretation of the tax laws has long been used to give finality to that period, and is now deeply rooted in the federal tax system. See cases collected in 2 Mertens, Law of Federal Income Taxation, § 12.103. We see no reason why the Court should depart from this well-settled interpretation merely because it results in an advantage or disadvantage to a taxpayer."

 Nice legal distinctions have been made in the arguments had and in the briefs filed,—violations of the North Carolina statutes by the directors of the Barnhardt Brothers Company in declaring the dividend of December 27, 1945 in the sum of $25,000 have been shown and are facts that have been found, and many other factors advanced which are suggested as differentiating this case from those cited.

Fine spun twines of law have been woven eloquently into language, but a careful analysis of the facts and the law brings you back in to the same place where you went out. The "claim of right" interpretation of tax laws.

As Mr. Justice Douglas in his dissent in the Lewis case so clearly said [71 S.Ct. 524], this places the government in the unconscionable position of keeping the tax after it is shown that payment was made on money which was not income to the taxpayer. Such seems the law and none in his effort would follow it more nearly than I, even though the inequity clearly appears.

The defendant is entitled to judgment. Counsel will tender judgment.