T.C. Memo. 2014-111

UNITED STATES TAX COURT

SAM FARAHANI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26731-12.                    Filed June 10, 2014.

Sam Farahani, pro se.

<u>Jeffrey L. Heinkel</u> and Brian Beddingfield (student), for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, <u>Judge</u>:  In 2009 petitioner received an award of backpay in a wrongful termination case.  This case arises from an Internal Revenue Service determination in a notice of deficiency that he is not entitled to an alimony deduction for amounts the Superior Court of California allocated from the backpay to pay child support.  As explained herein, we sustain the determined deficiency

[*2] and the related section 6662[1] accuracy-related penalty, and we also hold that possible deductions first raised at trial are not allowable to offset the adjustments in the notice of deficiency.

FINDINGS OF FACT

Petitioner resided in California when he filed the petition. In 2006 he was an economics professor at San Diego Community College when his employment was terminated. He subsequently filed a lawsuit alleging wrongful termination. In October 2008 he received a favorable judgment from the Superior Court of California in the wrongful termination case. He was reinstated, and in 2009 he was awarded $305,000 in backpay.

At the time of the backpay award in 2009, he owed alimony and child support to his former spouse, with whom he had three children. According to a notice of garnishment action from the Oregon Department of Justice, Division of Child Support, petitioner owed past due child support of $43,893.31 as of January 29, 2009. Accordingly, the California superior court allocated $54,270.12 from the backpay award to pay the support amounts which were in arrears, $4,000 of which went to pay for the children's healthcare. Per petitioner's divorce decree,

---

[1]Unless otherwise indicated all section references are to the Internal Revenue Code (Code) in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] he must pay spousal support of $1,120. However, petitioner's order of support for both spousal and child support totaled $1,441.

On line 31 of his 2009 income tax return, petitioner claimed a reduction of gross income for alimony of $54,200, but he now agrees only a portion of the allocated amount was for alimony. In the notice of deficiency, respondent determined that only $15,000 was allowable as alimony, and petitioner offered no evidence to dispute this determination at trial. The amount respondent allowed is the same amount of alimony income petitioner's former spouse reported on her income tax return.

In 2006 petitioner also filed for disability benefits with the California State Teachers' Retirement System (CalSTRS) and received benefits at least until the backpay award in 2008. Because of the backpay award, in October 2010 CalSTRS requested that petitioner repay all the disability benefits he had received. However, petitioner did not make any payments until CalSTRS began deducting payments from his wages in 2012. Petitioner repaid $2,450 in 2012 and $8,800 in 2013. He made no payments in 2009.

**[*4]** OPINION

Petitioner has the burden of proof as he has not provided any credible evidence to support his positions, nor has he otherwise met the requirements of section 7491(a) to shift the burden of proof to respondent. See Rule 142(a).

A. Alimony Deduction

Generally, a taxpayer can deduct alimony or separate maintenance payments paid during the taxable year if they are includible in the recipient's gross income. Sec. 215(a) and (b). The term "alimony or separate maintenance payment" generally includes cash payments to a former spouse under a divorce or separation instrument. Sec. 71(b)(1)(A). Child support payments are not included in the recipient's income and are not deductible by the payor. Sec. 71(c)(1).

A taxpayer may not claim a deduction for any portion of a payment that the terms of the divorce or separation instrument fix as a sum payable for child support. Id. If the payment is less than the required payment specified in the relevant divorce or separation instrument, then the payment is applied first to satisfy the payor's child support obligation. Sec. 71(c)(3). Payments must first be applied to a taxpayer's unpaid child support obligation, and any payments so applied are not alimony. Haubrich v. Commissioner, T.C. Memo. 2008-299.

[*5]   The issue in Haubrich was whether a taxpayer may deduct alimony payments while in arrears for child support.  The divorce decree required the taxpayer to pay $26,000.  This amount included $12,000 for alimony, $12,000 for child support, and $2,000 for child support arrearages.  The taxpayer was also required to pay $6,022 towards a reimbursement obligation.  The taxpayer paid only $17,962, of which he deducted $12,625 as alimony.  The Court held that because the taxpayer's total payment was less than the total child support he owed for the year, including arrearages and the reimbursement obligation, all of the payments should have been allocated to child support and could not be deducted as alimony under section 215.

Respondent allowed petitioner to deduct $15,000 of alimony payments.  Respondent correctly disallowed $39,000 of petitioner's alimony deduction because that amount was for petitioner's child support obligations.

Petitioner acknowledged that he was behind in child support payments in 2009, but he testified that he did not know how far behind.  The record is unclear as to the exact amount of petitioner's child support arrearages.  Petitioner testified that at one point he received a notice stating he owed $74,000 in child support.  Petitioner provided a notice of garnishment action from the Oregon Department of Justice, Division of Child Support.  According to the notice, as of January 29,

**[\*6]** 2009, petitioner owed past due child support of $43,893.31. On the basis of that amount, petitioner was entitled to a 2009 alimony deduction of only $6,376.81 ($54,270.12 – $4,000 for children's healthcare – $43,893.31 for child support in arrears).

Petitioner provided different figures for the amounts of spousal and child support he was required to pay per month. Petitioner testified he was ordered to pay "nine-hundred something dollars" per child for child support. Petitioner had three children with his ex-wife, but he alleges only two were minors in 2009. Per petitioner's divorce decree, he must pay spousal support of $1,120. However, petitioner's order of support for both spousal and child support totaled $1,441. Petitioner's ex-wife, the recipient of the child support and alimony payments, reported $15,000 of alimony on her 2009 return, and respondent allowed petitioner to deduct that amount as alimony.

Petitioner has acknowledged that he was entitled to deduct as alimony only a portion of the $54,200 he reported on his 2009 return. Petitioner has not provided any evidence showing entitlement to an alimony deduction greater than $15,000. Therefore, petitioner is not entitled to deduct more than $15,000 in alimony payments.

[*7] B. CalSTRS Repayment

In general, if a taxpayer reports income on a cash basis, he must also report expenses or deductions on a cash basis. In other words, a cash basis taxpayer cannot take a deduction unless he pays out money for that deduction during the relevant tax year. Commissioner. v. S. Tex. Lumber Co., 333 U.S. 496, 501 (1948).

In computing taxable income on a cash basis, taxpayers include in gross income only items (cash, property, or services) they actually or constructively received within the taxable year. Sec. 1.446-1(c)(1)(i), Income Tax Regs. And they deduct only expenditures they actually made during the taxable year. Id.

If a taxpayer includes earnings in gross income under a claim of right in one taxable year that the taxpayer is required to repay in a subsequent taxable year, the taxpayer is not allowed to amend the tax return for the taxable year of inclusion to exclude the repaid earnings from gross income. United States v. Lewis, 340 U.S. 590 (1951). In 1954 Congress enacted a statutory remedy, section 1341, to alleviate some of the hardship of this rule.

Generally, when items are included in the gross income of a prior taxable year (because it appeared the taxpayer had an unrestricted right to such items), and the taxpayer is allowed a deduction of more than $3,000 for the repayment of that

[*8] income in a subsequent taxable year because it is determined that the taxpayer did not have a right to the income, the taxpayer will be entitled to the tax benefits of section 1341. Under section 1341(a) the amount of the tax imposed is the lesser of: (1) the tax for the current taxable year computed with the deduction for the current year repayment; or (2) an amount equal to the tax for the current taxable year (computed without deducting the amount repaid), but minus the decrease in tax for the prior tax year(s) after excluding the repaid income.

To qualify for the tax benefits of section 1341 the taxpayer must be entitled to a deduction under a section of the Code other than section 1341. Sec. 1.1341-1(a)(1), Income Tax Regs. Under section 165 petitioner was entitled to deduct the repayments on his return for the year in which he made them.

Petitioner received disability benefits from CalSTRS. CalSTRS demanded repayment of these benefits when petitioner won the wrongful termination lawsuit which included back wages. However, petitioner did not make any payments until CalSTRS began deducting payments from his wages in 2012. Petitioner repaid $2,450 in 2012 and $8,800 in 2013. Petitioner is not entitled to deduct these amounts on his 2009 return.

**[*9]** C. <u>Accuracy-Related Penalty</u>

A taxpayer may be liable for a 20% penalty on any underpayment of tax attributable to a substantial understatement of income tax. Sec. 6662(a), (b)(2). "Substantial understatement" means an understatement of income tax that exceeds the greater of 10% of the tax required to be shown on the return or $5,000 under section 6662(d)(1)(A).

Petitioner acknowledges he was not entitled to the full $54,200 of alimony deductions he claimed on his 2009 return. The superior court order distributing the relevant funds specifically states the funds are for "child support and spousal in arrears". Petitioner knew $4,000 of that amount went to his children's healthcare. Petitioner claimed $54,200 as an alimony deduction, even though he knew he was not entitled to deduct the entire amount.

Petitioner's understatement was substantial under the statute, and he failed to demonstrate that he acted with reasonable cause and in good faith. <u>See</u> sec. 6664(c)(1). Accordingly, Petitioner is liable for the accuracy-related penalty.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.