# UNITED STATES *v.* LEWIS.

No. 347. Argued March 2, 1951.—Decided March 26, 1951.

*Ellis N. Slack* argued the cause for the United States. With him on the brief were *Solicitor General Perlman, Assistant Attorney General Caudle* and *I. Henry Kutz.*

*Sigmund W. David* argued the cause and filed a brief for respondent.

MR. JUSTICE BLACK delivered the opinion of the Court.

Respondent Lewis brought this action in the Court of Claims seeking a refund of an alleged overpayment of his 1944 income tax. The facts found by the Court of Claims are: In his 1944 income tax return, respondent reported about $22,000 which he had received that year as an employee's bonus. As a result of subsequent litigation in a state court, however, it was decided that respondent's bonus had been improperly computed; under compulsion of the state court's judgment he returned approximately $11,000 to his employer. Until payment

of the judgment in 1946, respondent had at all times claimed and used the full $22,000 unconditionally as his own, in the good faith though "mistaken" belief that he was entitled to the whole bonus.

On the foregoing facts the Government's position is that respondent's 1944 tax should not be recomputed, but that respondent should have deducted the $11,000 as a loss in his 1946 tax return. See G. C. M. 16730, XV–1 Cum. Bull. 179 (1936). The Court of Claims, however, relying on its own case, *Greenwald* v. *United States,* 102 Ct. Cl. 272, 57 F. Supp. 569, held that the excess bonus received "under a mistake of fact" was not income in 1944 and ordered a refund based on a recalculation of that year's tax. 117 Ct. Cl. 336, 91 F. Supp. 1017. We granted certiorari, 340 U. S. 903, because this holding conflicted with many decisions of the courts of appeals, see, *e. g., Haberkorn* v. *United States,* 173 F. 2d 587, and with principles announced in *North American Oil* v. *Burnet,* 286 U. S. 417.

In the *North American Oil* case we said: "If a taxpayer receives earnings under a claim of right and without restriction as to its disposition, he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent." 286 U. S. at 424. Nothing in this language permits an exception merely because a taxpayer is "mistaken" as to the validity of his claim. Nor has the "claim of right" doctrine been impaired, as the Court of Claims stated, by *Freuler* v. *Helvering,* 291 U. S. 35, or *Commissioner* v. *Wilcox,* 327 U. S. 404. The *Freuler* case involved an entirely different section of the Internal Revenue Code, and its holding is inapplicable here. 291 U. S. at 43. And in *Commissioner* v. *Wilcox, supra,* we held that receipts from embezzlement did not constitute income, distinguishing *North American Oil* on the ground

that an embezzler asserts no "bona fide legal or equitable claim." 327 U. S. at 408.

Income taxes must be paid on income received (or accrued) during an annual accounting period. Cf. I. R. C., §§ 41, 42; and see Burnet v. Sanford & Brooks Co., 282 U. S. 359, 363. The "claim of right" interpretation of the tax laws has long been used to give finality to that period, and is now deeply rooted in the federal tax system. See cases collected in 2 Mertens, Law of Federal Income Taxation, § 12.103. We see no reason why the Court should depart from this well-settled interpretation merely because it results in an advantage or disadvantage to a taxpayer.*

Reversed.

MR. JUSTICE DOUGLAS, dissenting.

The question in this case is not whether the bonus had to be included in 1944 income for purposes of the tax. Plainly it should have been because the taxpayer claimed it as of right. Some years later, however, it was judicially determined that he had no claim to the bonus. The question is whether he may then get back the tax which he paid on the money.

Many inequities are inherent in the income tax. We multiply them needlessly by nice distinctions which have no place in the practical administration of the law. If the refund were allowed, the integrity of the taxable year would not be violated. The tax would be paid when due; but the Government would not be permitted to maintain the unconscionable position that it can keep the tax after it is shown that payment was made on money which was not income to the taxpayer.

---

*It has been suggested that it would be more "equitable" to reopen respondent's 1944 tax return. While the suggestion might work to the advantage of this taxpayer, it could not be adopted as a general solution because, in many cases, the three-year statute of limitations would preclude recovery. I. R. C., § 322 (b).