**NEIL v. UNITED STATES (two cases).**

**Nos. 12041, 12042.**

United States District Court
S. D. California, Central Division.

May 17, 1951.

Preston D. Orem, Los Angeles, Cal., for plaintiffs.

Ernest A. Tolin, U. S. Atty., E. H. Mitchell and Edward R. McHale, Asst. U. S. Attys., Eugene Harpole and Frank W. Mahoney, Sp. Attys., Bureau of Internal Revenue, Los Angeles, Cal., for defendant.

WESTOVER, District Judge.

Plaintiff William P. Neil and LeRoy D. Owen were partners in a real estate brokerage business, doing business under the name of "LeRoy D. Owen Company." LeRoy D. Owen was the only general partner and William P. Neil the only limited partner. The partnership was not licensed by the Division of Real Estate of the State of California to do a real estate brokerage business; but LeRoy D. Owen held a real estate broker's license, doing business as LeRoy D. Owen Company.

A partnership income tax return was filed for the year 1946, which disclosed the income of the partnership for such year as $63,719.67. The partnership was dissolved on September 30, 1946, and William P. Neil received certain assets of the copartnership upon its dissolution. Using the basis of the partnership net income for the year 1946 of $63,719.67, William P. Neil and his wife filed individual income tax returns, reporting income from the partnership as $14,284.11 each.

Subsequent to the dissolution of partnership LeRoy D. Owen failed and refused to pay or turn over to William P. Neil some

of the assets of the copartnership which were to have been delivered to him upon its dissolution. On March 7, 1947, William P. Neil filed an action in the Superior Court of the State of California, in and for the County of Los Angeles, against LeRoy D. Owen for money due on the dissolution contract, and on September 7, 1949, judgment was entered in favor of the defendant, inasmuch as it appeared plaintiff in the action was not a real estate broker licensed by the State of California and approximately 95% of the income of "LeRoy D. Owen Company," a copartnership, during the year 1946 was from commissions on real estate sales. The judgment in the Superior Court has become final.

After rendition of judgment, plaintiffs herein filed amended income tax returns for the year 1946, reducing the amount of income from the partnership to the amount actually received. A claim for refund (Form 843) was filed by taxpayers with the Internal Revenue Department, based on the amended income tax filings. Before the Commissioner of Internal Revenue acted upon the claims (and after expiration of six months) the complaints were filed herein.

Plaintiff William P. Neil contends that inasmuch as he did not actually receive the money reported as having come to him from the partnership, he and his wife should not be required to pay tax thereon.

The government contends the tax is due, inasmuch as the income was earned income.

Income taxes must be paid on earned income. U. S. v. Lewis, 1950, 340 U.S. 590, 71 S.Ct. 522, 95 L.Ed. 565.

Plaintiffs in their brief cite to the Court the various provisions of the Business & Professions Code of California relative to the inability of one who is not a duly licensed real estate agent or broker to collect commissions or fees earned when he does not have such license.

Section 10136 of the Business & Professions Code of the State of California provides that:

> " * * * No person engaged in the business or acting in the capacity of a real estate broker or a real estate salesman within this State *shall bring or maintain any action in the courts of this State for the collection of compensation for the performance of any of the acts mentioned in this article without alleging and proving that he was a duly licensed real estate broker or real estate salesman at the time the alleged cause of action arose.*" [1]

It will be noted the section does not say such compensation was not "earned" income. It says only that no action shall be maintained for collection thereof.

The Business & Professions Code does not anywhere declare fees or compensation of an unlicensed broker or salesman are not income but states only that the courts shall not be used for collection of such fees or compensation; or that it shall be unlawful to divide a real estate agent's or broker's commission with a non-licensed person.

The Superior Court refused to allow plaintiff William P. Neil to maintain the action filed to collect money alleged to be due, on the ground that plaintiff could not allege and prove he was a duly licensed real estate broker at the time the alleged cause of action arose.

Although we feel that the equities are with the plaintiffs in this action and they should not be called upon to pay tax on income which they did not actually receive or benefit from, nevertheless the law is well established that although income is not actually received, taxpayers are required to pay tax if the income is earned income. There is no question here but that the income was actually earned.

Judgment will be rendered in favor of defendant; defendant to prepare findings of fact, conclusions of law and judgment in conformity herewith.

---

1. Emphasis supplied.