**APPEL et al. v. UNITED STATES.**

**Civ. A. No. 7049.**

United States District Court
E. D. Missouri, E. D.

June 20, 1951.

Albert E. Schoenbeck, St. Louis, Mo., for plaintiffs.

Drake Watson, U. S. Atty., Wm. V. O'Donnell, Asst. U. S. Atty., St. Louis, Mo., Theron Lamar Caudle, Asst. Atty. Gen., Andrew D. Sharpe and Gene V. Pruet, Sp. Assts. to Atty. Gen., for defendant.

MOORE, Chief Judge.

This cause came on for trial, and the Court, having heard the evidence, finds the facts and conclusions of law as follows:

### Findings of Fact

1. Ellsworth Appel and Vivian G. Creecy are residents of St. Louis County, State of Missouri, and brought this action to recover United States individual income taxes paid by Ellsworth Appel and Kendall Creecy, deceased husband of Vivian G. Creecy, to the United States Collector of Internal Revenue at St. Louis, Missouri, in an amount less than $10,000.

2. During the year 1941, Ellsworth Appel was the president and Kendall Creecy was the vice president of Conduit Contracting Co., Inc., a corporation organized and existing under the laws of the State of Missouri. During said year, Conduit Contracting Co., Inc., paid Ellsworth Appel the sum of $25,000 and paid Kendall Creecy the sum of $15,000 as their respective salaries.

3. Ellsworth Appel and Kendall Creecy reported said salaries as income on their United States Individual Income Tax Returns for the year 1941 and mailed same to the United States Collector of Internal Revenue on or before March 15, 1942 (received by Collector on March 16, 1942), and paid the respective taxes due on such income pursuant to the United States Revenue Code in quarterly installments on or before March 16, June 15, September 15 and December 15, 1942, respectively.

4. On May 18, 1943, the Treasury Department of the United States of America by letter notified Conduit Contracting Co., Inc., that on May 7, 1943, in connection with the Company's income and excess profits tax liability for the year ended December 31, 1941, the Treasury Department had disallowed $6,250 of the salary of $25,000 which the Company had paid to Ellsworth Appel in 1941 as excessive and had similarly disallowed as excessive $3,750 of the salary of $15,000 which the Company had paid to Kendall Creecy in 1941; said disallowances by the Treasury Department were made over the protest of the Company.

5. During the years 1941-1945, inclusive, 40 shares of stock were issued and outstanding by the Company and were owned as follows: Ellsworth Appel, 19⅔; Kendall Creecy, 11⅓; Virgil Perkins, 3; Harry Decker, 3; Helen Appel, 3.

6. Subsequent to May 18, 1943, the Corporation made formal demand upon Ellsworth Appel and Kendall Creecy for the repayment of said sums of $6,250 and $3,750. The Corporation set up upon its corporate books accounts receivable from Ellsworth Appel and Kendall Creecy said sums of $6,250 and $3,750. The Corporation set the salaries of Mr. Appel and Mr. Creecy for the year 1944 as $18,750 and

$11,250, respectively, but deducted from said salaries the sums of $6,250 and $3,750, respectively.

7. On or before March 15, 1945, Ellsworth Appel and Kendall Creecy filed with the United States Collector of Internal Revenue at St. Louis, Missouri, their 1944 United States Individual Income Tax Returns, showing as income the full amount of their salaries of $18,750 and $11,250, respectively, and also filed claims on Treasury Form 843 for refunds for the year 1941 or, in the alternative, for refunds for the year 1944.

8. On June 15, 1945, the Treasury Department, acting through N. B. Eshleman, Internal Revenue Agent in Charge at St. Louis, Missouri, notified the taxpayers by mail that in connection with their claims for refunds a report of the Examining Officer disclosed no grounds for the reduction of their tax liability.

9. On July 16, 1945, the taxpayers filed their exceptions to the conclusions of the Examining Officer's report, and, after a conference with an Agent of the Internal Revenue Service on July 30, 1945, the taxpayers requested a hearing before the Western Division of the Technical Staff, which request was duly acknowledged by a letter dated August 28, 1945; the requested hearing was held before said Division on April 28, 1949, and on May 20, 1949, said Division notified plaintiffs that their claims for refunds were disallowed.

10. Ellsworth Appel paid taxes on his income for 1944 in the amount of $5,345.44 which was without the benefit of the deduction from his income of $6,250 which he repaid to said Corporation in said year. With the benefit of said deduction from his income, his income tax liability for 1944 amounted to $2,615.53, representing a difference of $2,729.91.

11. Kendall Creecy paid taxes on his income for 1944 in the amount of $2,682.77 which was without the benefit of the deduction from his income of $3,750, which he repaid to said Corporation in said year. With the benefit of said deduction from his income, his income tax liability for 1944 amounted to $1,414.14, representing a difference of $1,268.63.

## Conclusions of Law

1. Jurisdiction in this action against the United States of America is vested in this Court by Title 28 U.S.C.A. § 1346, effective September 1, 1948, formerly 28 U.S.C.A. § 41(20).

2. Taxpayers Ellsworth Appel and Kendall Creecy are not entitled to refunds on their individual income taxes for the year 1941; they received the full income reported for that year under a claim of right and without restriction as to its disposition and had, therefore, properly reported their tax liability for that year. United States of America v. Lewis, 1951, 340 U.S. 590, 71 S.Ct. 522, 95 L.Ed. 560.

3. Taxpayers Ellsworth Appel and Kendall Creecy are entitled to refunds on their individual income taxes for the year 1944. United States of America v. Lewis, supra.

When in 1943 the United States Treasury Department held parts of the 1941 salaries of the taxpayers to be excessive and disallowed such parts to the corporation as constituting improper expenditures by it, the taxpayers' corporate employer became legally obligated under Missouri law to collect and the taxpayers became legally obligated to repay such excessive parts of their 1941 salaries. Fletcher, Cyclopedia of the Law of Private Corporations, Vol. III, page 676, section 1110.

In 1944, the corporate employer of the taxpayers deducted from their salaries for that year sums of money equal to those parts of their 1941 salaries held excessive by the United States Treasury Department in 1943. Although the taxpayers reported their salaries for 1944 without the benefit of the deductions therefrom of the sums withheld by their corporate employer to repay it, the amounts of such deductions are not taxable income to them for 1944. The position of the Government in the Lewis case, supra, was that the taxpayer should have claimed the deduction in the year in which he repaid part of a bonus to his employer.

4. The claims for refunds filed by the taxpayers Ellsworth Appel and Kendall Creecy on Treasury Form 843 constituted

due and timely claims by the taxpayers for refunds for the year 1944. Such claims fairly and fully informed the Collector of the nature of the taxpayers' claims and asserted correlative alternative rights on which the taxpayers relied. One was for refund for the year 1941, and the other was for refund for 1944. If there was any formal defect in the statement of the claim for refund for 1944, it was waived by the Government in its treatment of the claims and in its failure to act thereon until April 28, 1949. United States v. Kales, 1941, 314 U.S. 186, 196, 62 S.Ct. 214, 86 L.Ed. 132, 138; United States v. Humble Oil & Refining Co., 5 Cir., 1934, 69 F.2d 214.