OPINION. Van Fossan, Judge: We are here asked to determine the proper character to be ascribed to the $25,000 received by petitioner’s decedent in accordance with her contract agreement of July 5, 1946, with William S. Bein. Respondent, with leave of the Court, amended his pleadings to conform to the proof and affirmatively alleges that the negotiations between the parties, when considered as an over-all transaction, culminated in the outright sale of the property in question and that decedent is taxable on the profit derived therefrom as a capital gain in accordance with section 111 of the Internal Revenue Code.[1] Should we find, however, that there was no sale in substance, respondent argues in the alternative that the $25,000 is includible in decedent’s taxable income for 1946, as originally returned by her. Petitioner, on the other hand, takes the position that during the year under review, Bein became a lessee with an option to purchase; that the amount received by its decedent constituted an advance payment for the option; that as such it is not taxable until the option is exercised and the tax liability definitely ascertained; that this amount was erroneously reported by the decedent as income; and that it is due a refund of the tax paid thereon. In support of his allegation that there was a sale, respondent cites Robert A. Taft, 27 B. T. A. 808, and contends the factual situation there was in all material respects identical with the one before us here. We do not agree. In that case there were present facts which were much more strongly indicative of an outright sale than in the instant case. We are inclined to agree with the position taken by petitioner in so far as the nature of the transaction itself is concerned. We do not feel that an outright sale was actually consummated. No deed to pass title was ever executed. No mortgage or note was given, and no security was pledged. Moreover, in the absence of an exercise of the option to buy (and the option was never exercised), Bein was in no way bound to complete the purchase or pay the $100,000, or any amount on account of the purchase in excess of that which he had already paid. Respondent argues, however, that the intention of the parties was to accomplish a sale and that the lease arrangement with privilege to purchase was utilized merely to minimize the tax consequences. Therefore, he says, we must determine the resulting tax liabilities by giving effect to this intention irrespective of the form employed to effectuate it. When all of the relevant facts are considered in the light of the attending circumstances, they lead us to the conclusion that no sale actually took place. It does not follow, however, that the amount received by decedent is not to be included in her taxable income for 1946, the year in which it was received. Decedent included it in her taxable income for the year in which the deficiency was originally determined and respondent so considered it in making his original determination. Petitioner, in accord with its position set forth above, contends that the amount was erroneously so reported; that such amount was, in fact, the advance payment for the option to purchase; and that it is, therefore, not taxable until such option is exercised. It bases its argument upon Aiken v. Commissioner, 35 F. 2d 620, affd. 282 U. S. 277; Doyle v. Commissioner, 110 F. 2d 157; affirming 39 B. T. A. 940, certiorari denied 311 U. S. 658; and Virginia Iron, Coal & Coke Co. v. Commissioner, 99 F. 2d 919, affirming 37 B. T. A. 195, certiorari denied 307 U. S. 630. On examination these cases are found to be inapplicable arid clearly distinguishable on their facts from the situation here under review. Respondent, on the other hand, takes the position that the money was received by decedent under a claim of right; that there were no provisions for its repayment or restrictions as to its disposition; and triat, accordingly, it is taxable in the year received. We feel that respondent’s position is well taken. Whatever name or technical designation may be given to the $25,000 payment, the fact remains that it was received under a claim of right, that decedent was under no obligation to return it and could dispose of it as she saw fit. We are of the opinion, therefore, that the payment was income taxable to her in the year received. Cf. North American Oil Consolidated v. Burnet, 286 U. S. 417; United States v. Lewis, 340 U. S. 590. Accordingly, the $25,000 received by decedent in 1946 and reported by her was properly includible in her taxable income for that year. Reviewed by the Court. Decision will he entered v/nder Bide 50. SEC. 111. DETERMINATION OE AMOUNT OE, AND RECOGNITION OE, GAIN OR LOSS. (a) Computation of Gain oe Loss. — The gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the adjusted basis provided in section 113 (b) tor determining gain, and the loss shall be the excess of the adjusted basis provided in such section for determining loss over the amount realized. (b) Amount Realized. — The amount realized from the sale or other disposition of property shall be the sum of any money received plus the fair market value of the property (other than money) received. (c) Recognition of Gain or loss. — In the case of a sale or exchange, the extent to which the gain or loss determined under this section shall be recognized for the purposes of this chapter, shall be determined under the provisions of section 112.