**WALSINGHAM et al. v. UNITED STATES.**

**No. 8547(2).**

United States District Court
E. D. Missouri, E. D.

March 26, 1953.

Tralles, Hoffmeister & Gilpin, and Fred J. Hoffmeister, of St. Louis, Mo., for plaintiff.

George L. Robertson, U. S. Atty., and W. Francis Murrell, Asst. U. S. Atty., of St. Louis, Mo., for defendant.

HULEN, District Judge.

Can the executors of a deceased taxpayer reopen the taxpayer's 1947 tax return to readjust the cost basis of stock to reflect an increase in the price paid for the stock and thereby reduce the amount on which a capital gain tax is due (the taxpayer having sold the stock in 1947 for $400 a share), because a settlement in a suit by the widow of the taxpayer against the estate in 1951 stipulated the widow shall be, and was, paid on a basis of $280 instead of $90 per share, for stock she sold to her husband in 1946? Our answer is No.

Facts *

Plaintiffs are executors of the estate of Samuel Breadon, now deceased, the taxpayer. In 1935 Samuel Breadon made a gift of 1,000 shares of stock of the St. Louis National Baseball Club to his wife. Gift tax was paid on a valuation of $90 per share. On September 25, 1946, Samuel Breadon purchased this stock from his wife, paying her $90 per share. In her Federal income tax return for 1946 Mrs. Breadon reported and paid tax on a capital gain of $43,380. On November 25, 1947, Samuel Breadon sold all of his stock of St. Louis National Baseball Club at $400 per share. This sale included the 1,000 shares of stock acquired from Mrs. Breadon.

* From the stipulated facts.

Samuel Breadon filed his Federal income tax return for the year 1947. A capital gain subject to a tax of 25% was reported. In arriving at the capital gain on the stock sale, the 1,000 shares of stock acquired from Mrs. Breadon was included at a cost of $90 per share to the taxpayer, Samuel Breadon.

Samuel Breadon died May 10, 1949. On May 12, 1950, Mrs. Breadon filed suit against the plaintiffs as executors and trustees of his estate, alleging that when Samuel Breadon purchased from her the 1,000 shares of stock for $90,000, the stock had a much greater value, known to him but not disclosed to her, and that he breached a confidential and fiduciary relationship existing between them, and the 1,000 shares of stock, and the proceeds therefrom, were held by him impressed with a constructive trust for the difference between the amount paid her for the stock and its true value. This suit was compromised on December 26, 1950. The defendants under the compromise agreed to pay Mrs. Breadon the additional sum of $190,000 in full settlement of her claim. The Circuit Court of the City of St. Louis, where the case was pending, approved the settlement on January 17, 1951. Mrs. Breadon received the sum of $190,000 from the plaintiffs in this action.

On March 9, 1951, plaintiffs filed a claim for a tax refund in the amount of $47,500, based on the contention that the true cost to Samuel Breadon of the 1,000 shares of stock acquired from his wife was $280,000 instead of $90,000, paid to the wife in 1946, and that there should be refunded to his estate 25% of the difference between $280,000 and the $90,000 reported as taxpayer's cost in his 1947 return, or $47,500. This refund claim was disallowed by the Commissioner of Internal Revenue on December 28, 1951, and this suit follows.

### Law

Our ruling is controlled by the applicable Federal statute. Section 111(a) of the Internal Revenue Code, 26 U.S.C.A. § 111(a), provides the method for determining gain or loss on sale of property such as shares of stock. Section 113, 26 U.S.C.A. § 113, provides the rule for ascertaining the basis of property for determining gain or loss

under Section 111(a). Section 113(a) states the unadjusted basis of property shall be the cost of the property. Adjustments of basis, such as plaintiffs are endeavoring to accomplish by this suit, are covered by Section 113(b)(1)(A):

"Proper adjustment in respect of the property shall in all cases be made—

"(A) For expenditures, receipts, losses, or other items, properly chargeable to capital account but no such adjustment shall be made for taxes or other carrying charges for which deductions have been taken by the taxpayer in determining net income for the taxable year or prior taxable years."

There is nothing in the statement of facts, or the record, indicating any claim by the taxpayer's wife, based on the sale of stock to her husband in 1946, until 1950, one year after his death, and almost four years after the purchase from taxpayer's wife. On this record, until the taxpayer died the incident was a closed book. The husband claimed the stock and sold it in 1947 without restriction or claim by his wife as to any part of the sales price. The taxpayer asserted and exercised right of ownership as a matter of right. The capital gains tax on the sale of the stock was payable in 1947, when the taxpayer sold the stock, and the capital gain was properly computed on the basis of the purchase price paid by Mr. Breadon of $90 a share for the 1,000 shares in 1946.

The capital gain realized from the sale of the stock in 1947 was income received under a claim of right and therefore taxable income for that year. Income received under a claim of right is taxable in the year in which received, North American Oil Consolidated v. Burnet, 286 U.S. 417, 52 S.Ct. 613, 76 L.Ed. 1197, and it makes no difference if the taxpayer is called upon to refund a portion of this income in a subsequent year. United States v. Lewis, 340 U.S. 590, 71 S.Ct. 522, 95 L.Ed. 560. Such refund may be taken as a loss in the year made.

What the legal effect of a claim by the wife would have been on the tax liability of

the husband, if made at the time of sale of the stock by the husband in 1947, we are not called upon to determine. There is nothing in the record of any outstanding claim. A bona fide sale by the husband claiming title is all the record shows. This confirms that the husband was holding the stock prior to sale by him under a "claim of right." Such gives finality to the transaction under the record on the issues here presented, and relief sought by plaintiff. United States v. Lewis, 340 U.S. 590, 71 S.Ct. 522, 95 L.Ed. 560.

The claim of plaintiff in the State court case may have been founded on a theory that impaired the husband's title to the stock he acquired from her. But such defect of title was not asserted until long after the transaction was closed. National City Bank v. Helvering, 2 Cir., 98 F.2d 93, is authority for holding the income derived from the stock while held under a claim of right is taxable to the person who asserts the right and realizes the income. This rule of law is equally applicable where the income is a capital gain derived from the sale of stock.

The Lewis case is authority for denial of plaintiff's claim. The same principle is involved in this case as was passed on in the Lewis case. We have found no statute or other authority, and have been cited to none, on which plaintiff's claim can be sustained. Binding authority compels us to rule to the contrary.

"'All the revenue acts which have been enacted since the adoption of the Sixteenth Amendment have uniformly assessed the tax on the basis of annual returns showing the net result of all the taxpayer's transactions during a fixed accounting period, either the calendar year, or, at the option of the taxpayer, the particular fiscal year which he may adopt.'

"The rationale of the system is this: 'It is the essence of any system of taxation that it should produce revenue ascertainable, and payable to the government, at regular intervals. Only by such a system is it practicable to produce a regular flow of income and ap-

ply methods of accounting, assessment, and collection capable of practical operation.'

"This legal principle has often been stated and applied. The uniform result has been denial both to government and to taxpayer of the privilege of allocating income or outgo to a year other than the year of actual receipt or payment, or, applying the accrual basis, the year in which the right to receive, or the obligation to pay, has become final and definite in amount." Security Flour Mills Co. v. Commissioner, 321 U.S. 281, 286, 64 S.Ct. 596, 598, 88 L. Ed. 725.

Plaintiffs argue the equities of their position. We are only concerned in this case with the relief here sought. What plaintiffs' rights may be to tax relief under a claim of a different character is not before the Court.

### Judgment

Plaintiffs' complaint is dismissed with costs.