Samuel H. Liberman, Berenice W. Liberman v. Commissioner.
Samuel H. Liberman, Berenice W. Liberman v. Commissioner
Docket No. 48860.
United States Tax Court
T.C. Memo 1955-69; 1955 Tax Ct. Memo LEXIS 269; 14 T.C.M. (CCH) 223; T.C.M. (RIA) 55069; March 24, 1955
Samuel H. Liberman, Esq., 6208 Rosebury, St. Louis, Mo., for the petitioners. Urban C. Bergbauer, Esq., for the respondent. JOHNSON Memorandum Opinion JOHNSON, Judge: This proceeding involves a deficiency of $7,434.65 in income tax for 1950. All of the facts are stipulated and are so found. [Findings of Fact] Petitioners, husband and wife, filed a joint return for the taxable year with the collector of internal revenue for *270 the first district of Missouri. Petitioner Samuel H. Liberman, an attorney at law at all times important, will be referred to for convenience as the petitioner. In December 1949 petitioner filed petitions in the District Court of the United States for the Eastern Division of the Eastern District of Missouri for the allowance of fees out of the assets of estates of two certain decedents for legal services rendered in a proceeding. In January 1950 Thomas M. Pierce, an attorney at law, asserted an interest in and to any fees petitioner might receive on his petitions. In February 1950 orders and judgments were entered in the proceedings allowing petitioner a total of $30,000, payable out of the estates. The judgments were paid in full in March 1950. The entire amount was received and retained by petitioner under a claim of right. The payment was deposited by petitioner in his bank account and was subject to any checks he might have drawn on the account. In April 1950 Pierce filed suit against petitioner in which he asserted a claim for $20,000 of the fees paid to petitioner. Petitioner denied liability in his answer and made a counterclaim in the amount of $15,000 for services *271 rendered to and at the request of Pierce in other litigation, about June 16, 1952, petitioner paid Pierce $3,750 in full settlement of his claim for $20,000. Petitioners included in their return for 1950 as taxable under section 107, Internal Revenue Code of 1939, only $10,000 of the $30,000 of fees because of the controversy with Pierce as to his right to the remaining amount. In his determination of the deficiency respondent held that the full amount of the fees was taxable in 1950 under the provisions of section 107, supra. [Opinion] The petitioner admits that the respondent's action in including the fees in gross income in the year of their receipt is sanctioned by the claim of right doctrine established in North American Oil Consolidated v. Burnet, 286 U.S. 417. He asserts that there is no justification for applying the rule here in view of the legislative policy set out in section 1341 of the Revenue Act of 1954, which, in general, permits a deduction for a repayment in the year paid or the prior year when received under a claim of right, whichever results in the greater amount of tax benefit to the taxpayer. The provision relied upon was not made retroactive *272 to the taxable year or the year of repayment of a portion of the fees. Section 7851, Internal Revenue Code of 1954. To apply the statute here would require a disregard of legislative intent, which we may not do. Boehm v. Commissioner, 326 U.S. 287. The petitioner also says that disallowance of the payment of $3,750 as a deduction in 1950, two years before it was paid, would violate "every concept of equity and fair play which should and do constitute the basis of sound public policy." Deductions from gross income "are allowed only when plainly authorized." Helvering v. Inter-Mountain Life Ins. Co., 294 U.S. 686. Petitioner was not entitled to a deduction prior to 1952, the year of payment, section 1341, supra, not being applicable. United States v. Lewis, 340 U.S. 590. See H. Rept. No. 1337, 83d Cong., 2d Sess., p. A294, and S. Rept. No. 1622, 83d Cong., 2d Sess., p. 451, on Internal Revenue Code of 1954. Accordingly, respondent properly determined that the entire amount of the fees constituted taxable gross income in 1950 and that the amount of $3,750 paid to Pierce was not deductible in 1950. In 1940 petitioner *273 loaned $1,500 to Harry Viner, a resident of Texas, and thereafter from time to time requested repayment. On August 20, 1948, petitioner wrote Viner that he was urgently in need of funds and that he "would appreciate it if at this time you could make some substantial payment on account on the loan." The debtor answered the request on August 30, 1948, saying that conditions had made it impossible for him to pay the obligation; that he had an interest in an estate which he hoped would be settled by the first of the year, and, if so, he would pay the debt at that time, or earlier if "something else should materialize." Petitioners claimed the indebtedness as a bad debt deduction in their return for 1950. The respondent disallowed the deduction upon the ground that the loan did not become worthless during the taxable year. The remaining issue is whether the amount of the indebtedness of Viner is deductible in 1950 as a bad debt. Respondent's determination that the debt did not become worthless during the taxable year is presumptively correct and petitioners' burden was to overcome it. There is nothing in the facts establishing that the debt became worthless in 1950. The fact that *274 the statute of limitations might have been available to the debtor as a defense is not in itself sufficient to establish worthlessness. Charles N. Spratt, 43 B.T.A. 503. Respondent's action in denying the deduction is sustained. Decision will be entered for the respondent.