S. LOEWENSTEIN & SON, a Michigan
Corporation, Petitioner,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent.

COMMISSIONER OF INTERNAL
REVENUE, Petitioner,

v.

S. LOEWENSTEIN & SON, a Michigan
Corporation, Respondent.

Nos. 12352, 12353.

United States Court of Appeals
Sixth Circuit.

May 31, 1955.

Sylvan Rapaport, Detroit, Mich., Joseph H. Jackier, Detroit, Mich., on brief, for S. Loewenstein & Son.

Marvin E. Frankel, Washington, D. C., H. Brian Holland, Ellis N. Slack, Hilbert P. Zarky, Harry Baum, Washington, D. C., on brief, for Commissioner.

Before MARTIN, MILLER and STEWART, Circuit Judges.

PER CURIAM.

Both the taxpayer, S. Loewenstein & Son, a Michigan corporation, and the Commissioner seek a review of the ruling of the Tax Court that there was a deficiency in excess profits tax for the year 1945 in the amount of $58,004.89. The taxpayer is hereinafter referred to as the petitioner.

Petitioner was engaged in the business of purchasing and slaughtering beef cattle and selling the beef to retail stores in the Detroit area. It filed its returns on the accrual basis for the calendar year.

During 1945, the Federal Government had in operation a subsidy program under which the petitioner was entitled to apply for and receive Federal subsidy under certain designated conditions. Pursuant to claims filed by the petitioner, it received in 1945 subsidies for July, August and September of that year totaling $66,655.06. In November and December 1945, a field examination by a government examiner of petitioner's records for the purpose of ascertaining petitioner's eligibility for past and future subsidy payments developed the fact that certain credits were due petitioner from one of its customers, The Great Atlantic & Pacific Tea Co., for the months of July, August and September, 1945, of which petitioner was unaware. The examiner verbally informed petitioner's officers that under existing regulations petitioner's eligibility for

subsidy payments for those months "would appear to be voided," but that the question would be ruled upon by the Washington, D. C. office of the R.F.C.

In closing its books for 1945, petitioner's office manager caused entries to be made on petitioner's books as of December 31, 1945 showing a reduction in its income for 1945 by the total amount of the payments, $66,655.06, and to show a liability to the R.F.C. in the same amount. There was in existence at that time, although petitioner was not aware of its existence, Public Law No. 88, enacted June 23, 1945, which provided that under certain conditions a slaughterer should be relieved, in whole or in part, of an obligation to repay the extra compensation payments received by him when he was not in a class eligible for such extra compensation payments.

After the examiner completed his examination petitioner prepared and submitted to him lengthy analyses of the daily balances of the questioned accounts for the months involved. The examiner's report was thereafter submitted to the R.F.C. Washington office on February 4, 1946. On March 22, 1946, a claim receivable in the amount of $66,655.06 was set up against the petitioner on the books of the R.F.C. On March 26, 1946, petitioner and the R.F.C. entered into a standby agreement, which provided among other things that petitioner would forthwith make its application under Public Law No. 88 for relief from repayment of the subsidies and would press its application expeditiously to a conclusion, and that the agreement was without prejudice to any rights of the petitioner to contest the decision of the R.F.C. as to petitioner's ineligibility or as to the amount of any repayments.

Petitioner filed its application for relief under Public Law No. 88 on April 19, 1946. It was granted in full on May 16, 1946. The claim receivable on the books of the R.F.C. was reversed on May 24, 1946.

The petitioner included the subsidies received for July, August and September 1945 as income for the calendar year 1946. The Commissioner ruled that the subsidies in question constituted taxable income for the year 1945, and determined a deficiency of $58,594.96 in its excess profits tax for 1945.

The Tax Court, relying upon North American Oil Consolidated v. Burnet, 286 U.S. 417, 52 S.Ct. 613, 76 L.Ed. 1197, United States v. Lewis, 340 U.S. 590, 71 S.Ct. 522, 95 L.Ed. 560, and Healy v. Commissioner, 345 U.S. 278, 73 S.Ct. 671, 97 L.Ed. 1007, was of the opinion that the petitioner had received the subsidies in 1945 under a claim of right, had treated the subsidies as its own funds and had expended them as it saw fit, and that they constituted income to the petitioner for the year in which received.

It also was of the view that at the end of 1945 the R.F.C. had made no decision as to petitioner's ineligibility to receive the subsidies in question, that Public Law No. 88 providing for relief from repayment under certain conditions was in effect, which provisions the petitioner successfully invoked shortly thereafter, that notwithstanding the entries on petitioner's books as of December 31, 1945 setting up a liability to the R.F.C. there was never an expression of willingness nor an offer to repay on the part of petitioner, but on the contrary a reservation of right to contest any ruling of ineligibility, and that it could not be correctly said at the close of 1945 that petitioner's liability for the repayment of the subsidies was an obligation to pay which had become final. It ruled that the amount of the subsidy payments was not an accrued liability on December 31, 1945. Security Flour Mills Co. v. Commissioner, 321 U.S. 281, 64 S.Ct. 596, 88 L. Ed. 725.

The Commissioner had held that outstanding sight drafts drawn by sellers of cattle on petitioner for purchases of cattle during 1945 did not constitute borrowed capital within the meaning of Sec. 719(a) (1), Internal Revenue Code, 26 U.S.C.A. § 719(a) (1), because they did not represent outstanding indebted-

ness evidenced by a bill of exchange. The Tax Court sustained the petitioner on this issue. Hunt Foods, Inc., 17 T.C. 365, affirmed, 9 Cir., 204 F.2d 429; Wm. A. Higgins & Co., 4 T.C. 1033.

Detailed findings of fact, which are not in dispute, and a discussion of the foregoing issues are contained in the Tax Court's Findings and Conclusions, reported at 21 T.C. 648. We concur in the conclusions of the Tax Court for the reasons given therefor.

The judgment is affirmed.