OPINION. Black, Judge: The petitioner operates an insurance agency. It keeps its books on an accrual method and returns its income in accordance with its books. The difference between the premium which is due from the insured to whom it sells an insurance policy, and the amount which is due to the insurer, who issues the policy, represents its commission. It returns tírese commissions as gross income. The insurers regulary audit the accounts between them and petitioner. Adjustments of the amounts due from petitioner to the insurers (because of cancellation, rate change, etc.) are usually made. The adjustments frequently result in the petitioner’s owing the insurers an amount in excess of that originally recorded. For the years 1930 to 1952, inclusive, the petitioner, although it reflected these adjustments correctly in the amounts that it remitted to the insurers, treated the adjustments erroneously on its hooks. The effect of the erroneous treatment was to overstate its income (on its books and on its returns) and understate its accounts payable (on its books) in the aggregate amount of $23,140.73 for those years. In 1953, it discovered its error and made an adjusting entry decreasing its commissions income and increasing its accounts payable by that amount. Its commissions income on its return for 1953 was stated in the decreased amount. The Commissioner increased the petitioner’s income by a like amount. The petitioner contends that it is entitled to adjust its 1953 income (either by a reduction of gross income or a deduction from gross income) for the aggregate amount of income erroneously included in its income for the years 1930 to 1952, inclusive. We disagree. The petitioner’s commissions on insurance premiums are gross income under section 22 (a), Internal Revenue Code of 1939.[1] Section 42 (a) provides that “ftjhe amount of all items of gross income shall be included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under section 41, any such amounts are to be properly accounted for as of a different period.” The accrual method used by petitioner is a method permitted by section 41. Under the accrual method the petitioner’s commissions in 1953 were $158,012.76. (Petitioner reported $158,-012.76 minus $23,140.73, or $134,872.03 as commissions income.) Petitioner has cited no statutory provision and we know of none permitting a reduction in gross income by the aggregate amount of the improper inclusions in gross income in prior years due to bookkeeping errors in those years. Likewise there is no warrant for a deduction from gross income. Petitioner has not specified which subsection of section 23 it relies upon. We assume that it claims the deduction as a loss under section 23 (f).[2] It is clear, however, that the $23,140.73 does not represent a loss and assuming it were a loss it was not sustained in 1953. Cf. Sunburst Oil & Refining Co., 23 B. T. A. 829, 835, 838 (1931); Farmers & Merchants National Bank, 8 B. T. A. 58 (1927). The situation here must be distinguished from instances where the taxpayer receives earnings under a claim of right and later is obliged to return them, see United States v. Lewis, 340 U. S. 590 (1951); North American Oil Consolidated v. Burnet, 286 U. S. 417 (1932), and from instances where the petitioner is denied a deduction in one year because he is contesting the liability which gave rise to the claimed deduction but is later allowed the deduction. See Security Flour Mills Co. v. Commissioner, 321 U. S. 281 (1944). The cases relied on by petitioner involving those situations are not in point. Here the petitioner had full knowledge of the amount of its actual income; it paid the insurers the correct amounts (including adjustments) when due, but because of its erroneous bookkeeping it failed to accurately reflect the transactions as they actually occurred. The principle governing, this case is not unlike that involved in J. E. Mergott Co., 11 T. C. 47 (1948), affd. (C. A. 3, 1949) 176 F. 2d 860, where, in commenting on petitioner’s failure to claim a deduction in earlier years because of the erroneous accounting treatment of an item and its attempt to presently claim the deduction, we said at pages 50-51: Such a process would not properly reflect the petitioner’s income at the time, and the attempt to compensate for that error now by a procedure equally unsound, even though compensatory, may not be permitted to succeed. If petitioner improperly increased its income in much earlier years, * * * that is an error which it is now too late to correct. Cf. American Light & Traction Co., 42 B. T. A. 1121; affd. (C. C. A. 7th Cir.), 125 Fed. (2d) 365. * * * Also, there are no facts in the record which justify our holding that the respondent is estopped, as petitioner contends. Accordingly, we hold for the respondent on the only issue involved. See Burnet v. Sanford & Brooks Co., 282 U. S. 359 (1931). The petitioner has conceded the correctness of the depreciation adjustment, therefore, Decision will be entered for the respondent. All section references are to the Internal Revenue Code of 1939, as amended. SEC. 23. DEDUCTIONS FROM GROSS INCOME. (f) Losses by Corporations. — In the case of a corporation, losses sustained during the taxable year and not compensated for by Insurance or otherwise.