Oscar E. **BUDER** and Eugenia H. **Buder,**
Plaintiffs,

v.

**UNITED STATES of America,**
Defendant.

No. 59 C 239(1).

United States District Court
E. D. Missouri, E. D.

Oct. 9, 1964.

Buder & Martin, St. Louis, Mo., for plaintiffs.

Richard D. FitzGibbon, Jr., U. S. Atty., John A. Newton, Asst. U. S. Atty., St. Louis, Mo., Lyle M. Turner, Jerome Fink, and W. Forbes Ramsey, Attys., Dept. of Justice, Louis F. Oberdorfer, Asst. Atty. Gen., Washington, D. C., for defendant.

HARPER, Chief Judge.

This suit was instituted by the plaintiffs to recover income taxes and interest allegedly overpaid for the year 1953. The suit arose over the tax for the year 1953 on two items, the assessments on the two items having been made by the government subsequent to 1953. The assessments were duly paid and the plaintiffs timely filed this suit. Jurisdiction for this court exists under 28 U.S.C.A. § 1346(a) (1).

The first item is with respect to a claimed deduction on the 1953 tax return of $10,178.16 for litigation expenses which was subsequently disallowed. The second item is based on an alleged receipt by Oscar E. Buder as a partner of the former law firm of Buder & Buder, of $25,000.00, one-half of a fee of $50,000.00 from the Sophie Franz Estate.

The suit was submitted to the court by the parties on a stipulation. The stipulation as to the first item provides that of the $10,041.98 litigation expenses paid by the plaintiffs in 1953, two-thirds of it was deductible and the court may enter judgment on such basis as to the first item.

The parties are in dispute over the inclusion of the $25,000.00 legal fee, and this opinion will deal primarily with that problem.

The dispute over the legal fee arises out of the probate of the Sophie Franz Estate, one which has a lengthy history of litigation in both this court and the state courts of Missouri. Sophie Franz died testate in 1930 and G. A. Buder was appointed executor of the estate by the Probate Court of the City of St. Louis. Annual settlements were filed after 1930, with the final settlement being filed October 6, 1953, and an order of distribution being made December 26, 1953. On April 14, 1954, G. A. Buder died and Oscar Buder (the plaintiff in this cause) was appointed executor d. b. n. of the Franz Estate. In 1958, final distribution was made by the executor d. b. n. In 1953, G. A. Buder and Oscar Buder had obtained a judgment in their favor against the Estate of Franz for $52,686.87, which amount was later adjusted to $50,000.00, representing their fee for legal services to the estate, and it is plaintiffs' one-half interest in that amount which is in dispute here. It is plaintiffs' contention that they were wrongfully assessed Federal income taxes on this amount because they did not receive it as income in the year 1953. It is stipulated by the parties that they will be bound by the findings of fact and conclusions of state law made by the Supreme Court of Missouri in In re Franz' Estate, 372 S.W.2d 885 (Mo. 1963).

The Franz case was a consolidation of four appeals from the Circuit Court, City of St. Louis, including the appeal of Oscar E. Buder in his personal capacity as a creditor of the Franz Estate, from the order of the probate court finding that the $50,000.00 judgment in favor of

Oscar Buder and G. A. Buder and against the Franz Estate had been paid and satisfied. The circuit court had ruled on the same issue in another appeal from an order of the probate court and had held:

"The judgment of $52,686.87 obtained by Oscar E. Buder and G. A. Buder as partners in the firm of Buder & Buder against the Sophie Franz Estate was paid by said estate by a set-off against amounts due to the Executor of the Estate of Sophie Franz from Buder & Buder." (p. 895.)

Then in ruling on this appeal specifically, the circuit court held that the judgment had been paid and discharged by the Franz Estate by a set-off of amounts due it by Buder & Buder as set out in the final settlement filed October 6, 1953.

From the opinion of the Supreme Court of Missouri it is clear that Buder & Buder had a valid judgment against the Franz Estate in the amount of $50,000.00 and the partners were entitled to this amount. But Buder & Buder also owed the Estate certain amounts against which the probate court approved the executor's set-off of the $50,000.00, leaving the partnership owing the Estate $4,989.60. When the set-off occurred, the partnership received payment on its claim as effectually as if it had received the money and had then turned and used it to pay the Estate's claim against it. The set-off of the claims by accounting entries had the effect of and served the purpose of payment of all the claims, except for the amount still left owing by the partnership.

■ The set-off occurred as an accounting entry in the final settlement and was effective at the time of the probate court's order of distribution on December 26, 1953, thus leaving plaintiff Oscar Buder's share of the $50,000.00 partnership fee earned as of that time. Subsequent appeals did not change this date from being the time payment was effective. As the Supreme Court pointed out (at 901, 902), there had to be some act of the court in order to make effective the filing of the account, and this act is the settlement. In the Franz case, the settlement was subsequently approved by the probate court, the circuit court, and finally, the Supreme Court of Missouri, but none of those opinions served to change the time of the payment to the partners. The income in question was received pursuant to a valid judgment entered in 1953 in the Circuit Court, City of St. Louis. It has long been settled in the tax law that once an amount is received under a claim of right, it is taxable as income for the year in which it was so received. That is, when a party has obtained rights over some matter so as to be able to treat it entirely as his, he has it under a claim of right. The fact that there may be a dispute over the amount or that it is involved in litigation, does not change the situation nor defer the effective date.

In North American Oil Consolidated v. Burnet, 286 U.S. 417, 424, 52 S.Ct. 613, 615, 76 L.Ed. 1197 (1932), the court said:

"If a taxpayer receives earnings under a claim of right and without restriction as to its disposition, he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent."

See also: United States v. Lewis, 340 U.S. 590, 71 S.Ct. 522, 95 L.Ed. 560 (1951); Healy v. Commissioner, 345 U.S. 278, 73 S.Ct. 671, 97 L.Ed. 1007 (1953).

■ It has been clearly established by the Missouri Supreme Court that the Buder partnership got complete satisfaction of its claim by means of the set-off, and this satisfaction was income to the partners, though not received in hand as such, and the satisfaction was received in the year 1953 when the probate court ordered final distribution, notwithstanding the subsequent appeals. The partnership had received its full rights under its judgment, and the "claim of right" doctrine should apply to this payment just as if it had been received in hand.

The court accordingly holds that the plaintiffs are entitled to judgment based on the deductibility of two-thirds of the $10,041.98 incurred as litigation expenses in 1953, and further that the plaintiffs are not entitled to a refund of the tax assessed on the $25,000.00 legal fee.

The court adopts this memorandum opinion and the stipulation as its findings of fact, this opinion as its conclusions of law, and directs the attorney for the plaintiffs to prepare and submit to the court for entry the judgment, after having the defendant's attorney initial the document indicating agreement as to the amount.