OPINION Murdock, Judge: The Commissioner supplies no real support for his disallowance of the deduction claimed by the petitioners. He argues first, “Petitoner’s repayment in 1964 was voluntary and not compulsory” but the evidence is directly to the contrary. The bylaw was adopted in 1952 and its effect was prospective. The record of a meeting of the board of directors of Electric on August 12,1964, shows the opinion of legal counsel to be that the bylaw requiring this repayment “constituted a binding and enforceable claim on the part of the Corporation.” Vincent testified that he made the repayment because legal counsel advised him that he would have to repay the $5,000 because the bylaw required him to repay it and could be enforced. The Ernest Berger, 37 T.C. 1026, case involved facts materially different from those herein. The salaries in Berger were paid in 1953 and 1954 whereas the corporate action under which they were returned was not taken until 1956 after the Commissioner had disallowed portions of the salaries. Here the bylaw was adopted in 1952 at the time the corporation was formed and it was still in effect when the salaries of Oswald and Hook were paid in 1960 and when those salaries were held to be excessive and returned in 1964. Oswald returned the $5,000 after receiving legal advice that the bylaw was enforceable and the repayment was necessary. If he had not repaid it, it could have been withheld from his later salary. It was a deductible expense of his business as an officer of Electric under the circumstances of its return to Electric. The Commissioner stated that he “agrees with the petitioner that section 1341” is not applicable. The petitioner mentioned that section but does not press its applicability. The briefs do not require any discussion of that section herein. The Commissioner’s other argument is that in any event “the repayment is not deductible because it did not serve any business purpose and was not ordinary and necessary to petitioner’s position as an officer of the corporation.” The bylaw clearly served a business purpose of Electric since it enabled Electric to recover the amount of the “unreasonable” salary which caused it to lose the deduction. Obviously this recovery would help Electric to pay the resulting deficiency and would add to the funds of the corporation for all purposes. The purpose of the bylaw was not to give Vincent a tax deduction, as claimed by the Commissioner. A deduction, if allowed to Vincent, will reduce his tax for 1964 but he would be better off financially if he did not have to repay the corporation. The Commissioner claims that the tax saving to Vincent would be greater than the deficiency paid by Electric. Not only is there a lack of evidence to support this claim but this point would not be decisive if proven to be true. Vincent had to lose the $5,000 before he could have a tax deduction and it would be less than $5,000. Cf. Joseph P. Pike, 44 T.C. 787; Laurence M. Marks, 27 T.C. 464. The bylaw was prospective and not retroactive in its effect. Cases involving a voluntary retroactive agreement are not in point here. The bylaw applied to all officers of Electric, not to Vincent alone. It was necessary in bis business as an officer of Electric to abide by the bylaw. Cf. Commissioner v. Tellier, 383 U.S. 687. The Electric stock was owned by Pittsburgh Reflector Co. when Vincent returned the $5,000 and Pittsburgh Reflector Co. had many stockholders at that time. The Commissioner has not cited any case involving a factual situation like, or even similar to, the one here present. Cf. United States v. Lewis, 340 U.S. 590; Healy v. Commissioner, 345 U.S. 278. Cases cited which are distinguishable on their facts are not controlling. Decision will be entered under Rule 50.