JOEL SATZ and MARIE ELLEN SATZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Satz v. Commissioner
Docket No. 1050-74.
United States Tax Court
T.C. Memo 1976-344; 1976 Tax Ct. Memo LEXIS 60; 35 T.C.M. (CCH) 1578; T.C.M. (RIA) 760344; November 11, 1976, Filed Hyman Friedman, for the petitioners. Michael P. Casterton, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in petitioners' Federal income tax as follows: Year
Deficiency
1968
$5,773.32
1969
7,166.21
Due to concessions, the sole issue remaining for decision is whether petitioner Marie Ellen *61 Satz, a cash basis taxpayer, realized additional income of $17,500 in both 1968 and 1969 by receipt of certain payments made to her in settlement of an employment contract between her deceased husband and his employer. FINDINGS OF FACT Some facts were stipulated and are so found. Petitioners, Joel Satz and Marie Ellen Satz, are husband and wife, who at the time of filing of the petition herein resided in Pompano Beach, Florida. Petitioners' cash basis Federal income tax returns for the years in issue were filed with the District Director of Internal Revenue, New York, New York. Joel Satz is a party solely by virtue of having filed joint Federal income tax returns with his wife, Marie Ellen Satz, and she will be referred to hereinafter as petitioner. Petitioner's late husband, Paul Salmony, died on March 11, 1967. At the time of his death, Salmony was employed by Pama Manufacturing, Inc., (Pama). Under the terms of Salmony's employment contract with Pama, the company was obligated to pay petitioner $5,000 as of the date of his death and $5,000 a year for each of the succeeding nine years if she was living on March 11th of such succeeding year. The contract also contained *62 a conditional obligation which provided that in the event of her death prior to March 11th of any such year, the remaining payments then due under the contract would be made to Salmony's estate. Although petitioner received the first $5,000 payment due her as of March 11, 1967, a dispute arose between petitioner and Pama in 1968 with respect to Pama's obligation under the employment contract to continue such payments. In December of that year a compromise was reached, wherein Pama agreed to pay petitioner $17,500 in 1968 and an additional $17,500 in 1969 if petitioner arranged for Pama's release from any further liability under the employment contract to either petitioner or the Salmony estate. On December 27, 1968, petitioner and the legal representative of her late husband's estate entered into an agreement whereby petitioner agreed that in the event of her death her estate would assume liability for any payments that Pama was conditionally obligated to pay to Salmony's estate. As a result of the compromise, petitioner received a check from Pama in the amount of $17,500 on December 30, 1968, and an additional check for $17,500 on January 17, 1969. There were no restraints *63 upon petitioner with regard to the use or disposition of these amounts. Petitioner did not report any portion of the payments received on her returns for 1968 and 1969, but instead reported $5,000 per year on her returns for 1970 through 1974 in accordance with the following schedule: Aggregate Amount
Owed Salmony Estate
Remaining Amount
if Petitioner Died
Amount Reported
to be Reported Year
on December 31st
as Income
as Income
1968
$40,000
$35,000
1969
35,000
35,000
1970
30,000
$5,000
30,000
1971
25,000
5,000
25,000
1972
20,000
5,000
20,000
1973
15,000
5,000
15,000
1974
10,000
5,000
10,000
Respondent, in a statutory notice of deficiency, determined that the receipt by petitioner of $17,500 in 1968 and $17,500 in 1969 represented income to petitioner in those years. Petitioner has filed protective claims for refunds for the years 1970 and 1971 with respect to the $5,000 she reported as income in each of those years.
OPINION The issue presented is whether petitioner, a cash basis taxpayer, must include in income certain payments received from her deceased husband's employer in 1968 and 1969. There is *64 no dispute as to petitioner's receipt of $17,500 in both 1968 and 1969. Nor is it contended by petitioner that such payments constitute gifts under section 102(a).[1] Rather, the controversy herein relates solely to the proper timing of petitioner's inclusion in income of the amounts received. [2]
Petitioner contends that the conditions attached to the receipt of $35,000 during the years in issue prevents its inclusion in income in those years, arguing that her estate would have been obligated to pay over to her late husband's estate an aggregate amount equal to or greater than the $35,000 received in the event of her death prior to March 11, 1970. It is respondent's position that petitioner had the unfettered use and complete discretion over the disposition of the amounts received and that she must therefore report such amounts as income in the years received, irrespective of the *65 existence of such conditions. We agree with respondent. Generally, all items which constitute income are to be included for the taxable year in which received by a cash basis taxpayer. Section 1.446-1(c)(1)(i), Income Tax Regs.
It is well established that where a taxpayer receives earnings under a claim of right and without restriction as to its use or disposition, the mere possibility that he may have to subsequently return the amount received does not prevent its inclusion in income. North American Oil v. Burnet,286 U.S. 417 (1932); Brown v. Helvering,291 U.S. 193 (1934); United States v. Lewis,340 U.S. 590 (1951); Compton Bennett,23 T.C. 1073 (1955); Boyce v. United States,405 F.2d 526 (Ct. Cl. 1968)Jacobs v. Hoey,136 F.2d 954 (2d Cir. 1943), cert. denied 320 U.S. 790 (1943). Compare Dri-Powr Distributors Association Trust,54 T.C. 460 (1970). While the possibility existed during the years in issue that petitioner's estate might have been required to pay over to another an equal or greater amount, petitioner freely acknowledged at trial *66 that no restraints were placed on her ability to spend the entire $35,000 at her discretion. Additionally, we find petitioner's reliance on our decision in Loewi & Co.,23 T.C. 486 (1954), affd. on other grounds 232 F.2d 621 (7th Cir. 1956), to be clearly misplaced. Not only was our holding in Loewi confined to the area of "whenissued" securities, but the petitioner in that case was an accrual basis taxpayer. Accordingly, we hold that the receipt by petitioner of $17,500 in 1968 and $17,500 in 1969 represents taxable income to petitioner in each of the respective years. Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended. ↩
2. The $5,000 payment due petitioner as of March 11, 1967, is not in issue here. Respondent concedes that such payment was properly excluded by petitioner under sec. 101, I.R.C. 1954↩.