ALVIN R. and SANDRA R. LEONARD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Leonard v. Commissioner
Docket No. 13795-88
United States Tax Court
T.C. Memo 1989-423; 1989 Tax Ct. Memo LEXIS 421; 57 T.C.M. (CCH) 1275; T.C.M. (RIA) 89423; August 15, 1989
Alvin R. Leonard, pro se. Cathleen Jones, for the respondent. POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: [1] By a notice of deficiency dated March 23, 1988, respondent determined a deficiency in petitioners' 1984 income tax liability in the amount of $ 695, resulting from the inclusion of income of $ 1,663 from Alvin R. Leonard Professional Corporation (P.C.). Petitioners filed a timely petition. Petitioners resided in Edmond, Oklahoma when they filed their petition. *422 The facts are stipulated and are as follows. Prior to 1981, Alvin R. Leonard (petitioner) practiced law as a sole proprietor. In 1981, petitioner formed P.C., a corporation under local law, in order to benefit from the more liberal corporate retirement options. Petitioner and P.C. entered into an employment contract that provided, inter alia: If any salary payment, medical reimbursement, employee fringe benefit, expense allowance payment or other expense incurred by the corporation for the benefit of the EMPLOYEE is disallowed in whole or in part as a deductible expense of the corporation for Federal income tax purposes, the EMPLOYEE shall reimburse the corporation, upon notice and demand, to the full extent of the disallowance. This legally enforceable obligation is in accordance with the provisions of Revenue Ruling 69-115 and is for the purpose of entitling such officer to a business expense deduction for the taxable year in which the repayment is made to the corporation. On its 1984 corporate tax return P.C. deducted $ 1,663 in travel and entertainment expenses that respondent disallowed as a personal expense of petitioner. By an agreement dated November 20, 1987, P. *423 C. agreed to the deficiency. Upon examination of petitioner's individual return for 1984, respondent determined that the $ 1,663 was a constructive dividend. Petitioner does not dispute the correctness of respondent's disallowance of the expense claimed by P.C. Rather, as we understand it, he claims that under the employment contract he was obligated to repay the amounts, and, therefore, the disallowed amount is properly characterized as a non-taxable "loan" from P.C. to him. Whether amounts received by a shareholder are loans or taxable distributions depend on the facts and circumstances at the time the amounts are received. Essentially the question focuses on whether there is an expectation that the amounts will be repaid. See Truesdell v. Commissioner, 89 T.C. 1280, 1295 (1987). Thus, the focus here is whether there was an expectation that the funds would be repaid at the time these funds were diverted from P.C. to pay petitioners' personal expenses. Petitioner points to the language of the employment contract. We do not doubt that the contract may create an obligation for repayment. But the repayment feature is dependent on the occurrence of at least three *424 events -- an examination of P.C.'s return by the Internal Revenue Service, the disallowance of expenses and demand for repayment. In this regard, petitioner's reasoning here resembles that adopted by the Court in Commissioner v. Wilcox, 327 U.S. 404 (1946) where the Court held that funds embezzled were not taxable because the embezzler had the obligation to repay the funds. But Wilcox did not withstand the test of time and was overruled by James v. United States, 366 U.S. 213 (1961). Petitioner here may have had an obligation to repay, but any such obligation does not give rise, nunc pro tunc, to a loan. It may well be that by the disallowance of the deduction petitioner became indebted to P.C. Clearly not all indebtedness arises from a loan. Compare United States v. Lewis, 340 U.S. 590 (1951); James v. United States, supra.
Petitioner argues that the "loan" characterization "will effectively return the corporation and the shareholder-employee to the same position enjoyed prior to incorporation." In short, petitioner contends that on one hand the corporation should be recognized for retirement purposes, *425 but for other purposes ignored. This we cannot do. The corporate bed may have lumps; once chosen, however, a taxpayer must endure a sleepless night every now and then. Cf. Moline Properties v. Commissioner, 319 U.S. 436 (1943). Decision will be entered for the respondent. Footnotes
1. This case was assigned pursuant to the provisions of section 7443A of the Internal Revenue Code of 1986↩. All subsequent statutory references are to the Internal Revenue Code of 1954, as amended, and as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise provided.