# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2726

_____

Kurt R. Vander Ploeg, M.D.;                *
Carol H. Vander Ploeg,                     *
                                           *
                    Appellants,            *   Appeal from the United States
                                           *   District Court for the Southern
        v.                                 *   District of Iowa.
                                           *
United States of America,                  *        [UNPUBLISHED]
                                           *
                    Appellee.              *

_____

Submitted:  March 17, 2000

Filed:  April 21, 2000

_____

Before HANSEN and FAGG, Circuit Judges, and NANGLE,* District Judge.

_____

PER CURIAM.

Between 1986 and 1989, Kurt Vander Ploeg, M.D., P.C. (the corporation) loaned money to corporate director, officer, and employee Kurt R. Vander Ploeg, for which Vander Ploeg signed promissory notes. The Internal Revenue Service (IRS) later audited the federal income tax returns of Vander Ploeg and his wife, Carol H.

_____

*The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

Vander Ploeg (collectively the Vander Ploegs), concluded the loans should have been but were not treated as taxable compensation, and issued a notice of deficiency. The Vander Ploegs filed an administrative appeal of the audit, which was resolved in 1993 when the Vander Ploegs agreed to treat approximately $85,000 of the loans as taxable compensation. Because the Vander Ploegs had repaid the loans in 1991, they then filed an amended 1991 tax return, requesting a refund and claiming they had overstated income by the $85,000 in compensation Vander Ploeg had repaid to the corporation. When the IRS denied the refund request, the Vander Ploegs brought this lawsuit to recover the alleged overpayment of taxes, contending that 26 U.S.C. § 162(a) entitled them to an ordinary and necessary business expense deduction for the 1991 repayment of compensation. The district court granted summary judgment to the Government, concluding that "no business-related obligation to repay the [loans] existed" and that the 1991 "repayment cannot be characterized as a trade or business expense under [§] 162 because it was not made for any business purpose."

On appeal, the Vander Ploegs first contend the district court improperly granted summary judgment to the Government under § 162 because the Vander Ploegs had neither notice that summary judgment might be granted to the Government on the basis of § 162 nor an opportunity to present evidence on that issue. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) ("party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion"). We disagree. The Vander Ploegs moved for summary judgment, arguing there was no genuine issue of material fact that they had made a required repayment of compensation and that § 162 provided the statutory basis for their claimed deduction. See Oswald v. Commissioner, 49 T.C. 645, 648-49 (1968) (permitting § 162 deduction because corporation's bylaw required officer to repay compensation disallowed as deductible expense by IRS, it was necessary to his business as a corporate officer to abide by the bylaw, and officer made required repayment). In the brief in support of its own motion for summary judgment, in its resistance to the Vander Ploegs' summary judgment motion, and again at the summary judgment hearing, the Government argued the

Vander Ploegs could establish no legal obligation to repay compensation to the corporation and had no statutory basis for a refund. Thus, the Vander Ploegs were sufficiently informed that the Government's motion for summary judgment was based in part on the inapplicability of § 162 to the Vander Ploegs' claim.

The Vander Ploegs also contend the district court should have granted summary judgment in their favor under § 162. As the district court concluded and as the Vander Ploegs' attorney conceded at oral argument before this court, the Vander Ploegs presented no evidence that the loans were made for a business purpose and no evidence of a business-related obligation to repay the loans the Vander Ploegs later agreed to treat as compensation, key elements of the Vander Ploegs' case. See Oswald, 49 T.C. at 648-49. Because the Vander Ploegs failed "to introduce sufficient evidence to establish an essential element of the case for which [they] would have the burden of proof at trial," Phillips v. Marist Soc'y, 80 F.3d 274, 275-78 (8th Cir. 1996); accord Celotex Corp., 477 U.S. at 322, the district court properly granted summary judgment to the Government.

We affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-