**ESTATE of Charles E. GOOD, Deceased, Union National Bank of Marquette, and John H. Zimmerman, Executors, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 20351.**

United States District Court
E. D. Michigan, S. D.
Sept. 14, 1962.

Edgar W. Pugh, Detroit, Mich., for plaintiff.

Louis F. Oberdorfer, Asst. Atty. Gen., Edward S. Smith, Jerome Fink, John D. Stobbs, Attorneys, Department of Justice, Washington, D. C., Lawrence Gubow, U. S. Atty., Robert F. Ritzenhein, Asst. U. S. Atty., Detroit, Mich., for defendant.

LEVIN, Chief Judge.

The estate of Charles E. Good, deceased, seeks a refund of income taxes plus interest for the year 1956. The Government filed a motion for summary judgment. The pertinent facts are undisputed.

In 1952 and 1953, Charles E. Good received from his employer corporation certain salaries and expense reimbursements, which he included in his federal income tax returns for those years, and paid the appropriate taxes thereon. Shortly before he died on September 19, 1955, his employer notified him that a substantial part of his salary and expense reimbursements for 1952 and 1953, which he had reported as income in his income tax returns for those years, had been improperly paid to him and that he would be held liable for repayment; but he died before such repayment was made. The employer corporation filed a claim against his estate in the amount of $25,018.63. The claim was allowed by the Probate Court to the extent of $19,229.57, and the estate paid that amount on June 12, 1956. Included in the amount paid to the employer corporation was a salary item of $10,333.32 and expense reimbursements of $2,900, attributable to the years 1952 and 1953.

A federal estate tax return for the estate was filed on December 17, 1956. This return claimed a deduction from the gross estate of the total amount of $19,229.57 paid to the employer corporation. The deduction was allowed. After the estate filed its fiduciary income tax return, it filed on October 14, 1957, a claim for a refund of $6,873.97 and also filed an amended fiduciary income tax return for the fiscal year June 1, 1956, to May 31, 1957. On the fiduciary income tax return, the estate claimed a tax credit against its fiduciary income tax under Section 1341 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 1341, with respect to that portion of the repayment to the employer corporation that represented salary and expense reimbursements. The claim was rejected in its entirety, and the estate brings this action for a refund of $6,873.97, the amount overpaid.

The question raised is whether the estate of Charles E. Good became entitled to a refund of an amount overpaid to the United States by Charles E. Good when the estate repaid the money which Charles E. Good had reported as income. Section 1341 specifies that its benefits are to be enjoyed by the taxpayer, but it gives no specific indication of whether the taxpayer's estate should be included within the meaning of the word taxpayer; and its legislative history is not illuminating.

It is important in arriving at the probable intent of Congress to analyze the estate and income tax consequences that would have occurred had Charles E. Good lived to return the $19,229.57. The Government concedes that under Section 1341 Charles E. Good, himself, could have either deducted $13,233.32 from his income tax return in the year of repayment or, alternatively, received a tax credit of $6,873.97. This would have diminished by $19,229.57 the gross estate of Charles E. Good had he died after making the repayment to his employer corporation. However, since he would have been entitled to a refund of $6,873.97, his gross estate would have increased by this sum.

It is acknowledged by both parties that if the estate is successful in this action, the sum recovered will be included in the taxable estate of Charles E. Good. Therefore, if the estate prevails here, the Government is not prejudiced in the collection of the estate tax by the estate's claiming both an estate tax deduction and an income tax credit on the same transaction.

Section 1341, added by the 1954 Code, was a relief provision, passed to change the rule of United States v. Lewis, 340 U.S. 590, 71 S.Ct. 522, 95 L.Ed. 560 (1951). In Lewis, the Supreme Court held that the only relief available to a taxpayer who had returned money, upon which he paid taxes in former years, was to deduct the sum returned from his current income in computing his taxable'income. Section 1341 gives the taxpayer the option of either receiving the sum that was actually overpaid in prior years or permitting the taxpayer to take the sum returned as a deduction, as provided by Lewis.

Section 642(g) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 642(g), dealing with the income taxation of estates and trusts, permits an item to be deducted both on the estate tax return and on the estate's fiduciary income tax return only if such a deduction is permitted under Section 691(b) of the Code of 1954, 26 U.S.C.A. § 691(b). The Government contends that, since Section 691(b) does not specifically include a deduction under Section 1341, it is entitled to judgment. However, as I have said earlier, the deduction allowed under Section 1341 is only an alternative to taking a straight tax credit, the relief sought in this case. Therefore, the tax credit given by Section 1341 is not controlled by Sections 642(g) and 691(b).

I take the view that when Congress passed Section 1341 it did not intend to recognize a debt of the Government to the taxpayer during his lifetime and deny the same obligation to his personal representatives and to his estate. The question whether Sections 642(g) and 691(b) would prevent an estate from adopting the alternative relief of Section 1341, a straight deduction of the sum returned, is not before me; and I therefore do not decide it.

The defendant's motion for summary judgment will be denied. Judgment will be entered for the plaintiff.