CRABTREE, J.T.C.
This is a gross income tax case precipitated by defendant’s denial of plaintiff’s claim for refund of $284.65 plus interest. The claim, embodied in an amended return for calendar year 1977, was based upon an alleged erroneous overstatement of taxable dividends on the original 1977 return. Defendant denied the claim on the ground of late filing.
The sole issue in this case is the timeliness of plaintiff’s refund claim, specifically, whether the statute of limitations was extended pursuant to N.J.S.A. 54A:9-8(c) by reason of a change in *363 the federal income tax return within the purview of N.J.S.A. 54A:8-7.
The case was submitted on stipulated facts pursuant to R. 8:8-l(b).
Plaintiff’s decedent, who died January 20, 1981, filed her 1977 New Jersey gross income tax return on or before April 15,1978. On the basis of IRS Form 1099 she reported $15,400 in dividends from her shares in Babcock & Wilcox (B & W). On or about February 24, 1981, B & W advised its shareholders that a majority of the dividends distributed to them in 1977 should be treated as a return of capital for income tax purposes and not, as originally reported on IRS Form 1099, as dividends subject to tax. This information was communicated to plaintiff on March 2, 1981. Plaintiff’s representative prepared an amended 1977 Federal income tax return and filed it on or about April 4,1981. He subsequently filed an amended 1977 New Jersey gross income tax return on or about May 3, 1981. These amended returns reflected the reduced amount of taxable dividends attributable to the 1977 B & W distributions to shareholders.
On December 31, 1981 defendant denied plaintiff’s refund claim. On February 9, 1982 plaintiff filed a petition for refund with defendant who formally denied it on February 25, 1982 on the ground of the untimely filing of the amended return.
The amended New Jersey return was prompted solely by reason of B & W’s advice to its shareholders on February 24, 1981; it was not actuated by any change or correction made by Internal Revenue Service or any other governmental body.
Plaintiff’s refund claim, reflected on the amended return, regarding taxes paid on or before April 15, 1978 for income earned in 1977, was filed on May 3, 1981. Refund claims must be filed within three years from the time the return was filed, or two years from the date the tax was paid, whichever is later. N.J.S.A. 54A:9-8(a). Plaintiff does not allege that it filed the refund claim in timely fashion under this provision, nor can it, since the claim was due on or before April 15, 1981.
*364 Plaintiff contends, however, that its time to file a refund claim should be extended; and it relies on N.J.S.A. 54A:9-8(c), which provides:
If a taxpayer is required by Section 54A-.8-7 to report a change or correction in federal taxable income reported on his federal income tax return ... [a] claim for credit or refund of any resulting overpayment of tax shall be filed by the taxpayer within two years from the time the notice of such change or correction or such amended return was required to be filed with the Director... (Emphasis supplied)
Plaintiff argues that it was required by N.J.S.A. 54A:8-7 to report a change on its 1977 income tax return, thereby giving it an additional two years within which to file a refund claim. N.J.S.A. 54A:8-7 provides:
If the amount of a taxpayer’s federal taxable income reported on his federal income tax return for any taxable year is changed or corrected by the United States Internal Revenue Service or other competent authority, or as the result of a renegotiation of a contract or subcontract with the United States, the taxpayer shall report such change or correction in federal taxable income within 90 days after the final determination of such change, correction or renegotiation, or as otherwise required by the Director, and shall concede the accuracy of such determination or state wherein it is erroneous. Any taxpayer filing an amended federal income tax return shall also file within 90 days thereafter an amended return under this act, and shall give such information as the Director may require. The Director may by regulation prescribe such exceptions to the requirements of this section as he deems appropriate. (Emphasis supplied)
Plaintiff asserts that, in accordance with N.J.S.A. 54A:8-7, the amount of its federal taxable income reported for 1977 was changed by “other competent authority.” According to this view, under N.J.S.A. 54A:9-8(c), plaintiff was given an additional two years from the time it was required to file notice of that change with defendant, to file its refund claim. The prerequisite for the two year extension of the refund claim filing period is that the taxpayer be required by the Internal Revenue Service or other competent authority to report to defendant, pursuant to N.J.S.A. 54A:8-7, a change or correction in the amount of reported federal taxable income. The parties agree that the change or correction giving rise to the amended return was not initiated by the Internal Revenue Service. The issue, then, is reduced to a determination of whether B & W represented “other competent authority” within the meaning of N.J.S.A. 54A:8-7.
*365 I conclude that Babcock & Wilcox is not included within the definition of the phrase “other competent authority.”
Although there appears to be no legislative history in aid of construction of the critical phrase, the latter’s meaning can be ascertained by application of the ejusdem generis principle, i.e., where general words follow a specific enumeration the general words (“other competent authority”) are only applicable to the same general class of items specifically mentioned. Denbo v. Moorestown Tp., 23 N.J. 476, 129 A.2d 710 (1957); Manczak v. Dover Tp., 2 N.J.Tax 529 (Tax Ct.1981); American Tel. & Tel. v. Taxation Div. Director, 4 N.J.Tax 638 (Tax Ct.1982). In this case the critical phrase follows the specific designation of the United States Internal Revenue Service as the agency with power to make a change or correction. Consistent with the ejusdem generis maxim, “other competent authority,” when used in conjunction with United States Internal Revenue Service, could mean other institutions or instrumentalities having equivalent power and authority to mandate changes or corrections in tax returns. For example, the phrase “other competent authority” may reasonably include the United States Tax Court, the United States Court of Claims or the United States District Court, all of which have jurisdiction, given compliance with certain statutory requirements, to review and modify changes or corrections made by the Internal Revenue Service. See, e.g., 28 U.S.G. § 1346; 26 U.S.C. §§ 6213, 7422. If a taxpayer challenges a change or correction of the Internal Revenue Service by seeking judicial review thereof in one of those tribunals, the action taken by the Internal Revenue Service is not final until adjudication in the court proceeding. Babcock & Wilcox, on the other hand, lacks the power and authority to impose a change or correction in a taxpayer’s return. The notice given to B & W’s shareholders on February 24, 1981 was merely an expression of management’s opinion, following an audit, that the 1977 distribution to shareholders, originally treated as dividends for federal income tax purposes and so shown on IRS Form 1099, in fact exceeded the current and accumulated earnings and profits of the distributing corporation within the purview of IRC 312, an *366 elaborate, detailed and technically complex provision of law supplying the definitional base for dividend distributions specified in IRC § 316.
For the reasons stated, plaintiff cannot avail itself of the extended refund claim filing period contemplated by N.J.S.A. 54A:9-8(c) as the change or correction upon which the extension is predicated was not made by the United States Internal Revenue Service or other competent authority within the ambit of N.J.S.A. 54A:8-7.
Judgment will be entered dismissing plaintiff’s complaint.