LASSER, P.J.T.C.
Taxpayers contest the denial by the Director of the Division of Taxation (Director) of a refund claim contained in taxpayers’ *375 1985 amended gross income tax return. In their amended return, taxpayers sought a refund of tax paid on capital-gain income from corporate distributions, a portion of which was later repaid to other stockholders in settlement of a lawsuit. Taxpayers received a deduction for the repayment on their 1989 federal income tax return under the “claim-of-right” doctrine and § 1341 of the Internal Revenue Code (IRC). Taxpayers’ refund claim was denied by the Director on the ground that it was filed beyond the three-year statute of limitations for refunds pursuant to N.J.S.A. 54A:9-8(a).
This case was submitted to the court on oral argument and agreed facts in accordance with R. 8:8-l(b).
Taxpayers filed a joint New Jersey gross income tax return (form NJ-1040) for the tax year 1985 on a timely basis. The 1985 return reported as capital gain several liquidating distributions from the Wigton-Abbott Corporation to taxpayers in their capacity as stockholders. The aggregate amount of the distributions was $15,236,270.
In 1986, a civil action was instituted by stockholders of Wigton-Abbott in the United States District Court, District of New Jersey, against taxpayers. On January 30, 1989, taxpayers entered into a settlement agreement terminating the civil action. Under the terms of the agreement, taxpayers agreed to restore to the stockholders of Wigton-Abbott $1,983,824 of the amount taxpayers had received as liquidating distributions from the company in 1985. Taxpayers made the settlement payments on March 2, 1989.[1] Thus, after this settlement, the capital gain from liquidating distributions from the WigtonAbbott Corporation to taxpayers was reduced to $13,252,446.
Taxpayers filed a federal refund claim (form 1045) on April 16, 1990 with the Internal Revenue Service (IRS) for a redue *376 tion in their federal income tax based on the decrease in their 1985 capital gain. The refund was sought as a deduction for tax year 1989 pursuant to the federal claim-of-right doctrine and the adjustment available under IRC § 1341. On July 2, 1990, the IRS issued a “Statement of Change to Your Account,” reducing taxpayers’ federal tax liability for tax year 1989. Taxpayers subsequently received a federal tax refund of $370,-960 for 1989.
Taxpayers filed an amended New Jersey gross income tax return (form NJ-1040X) for the tax year 1985 with the Division of Taxation on June 8, 1990, setting forth the reduction in their 1985 capital gain and seeking a gross income tax refund of $69,434.
On March 5, 1991, the Director issued a final determination denying taxpayers’ claim for refund as time-barred by the three-year statute of limitations.
Taxpayers contend that their June 1990 refund claim for a 1985 New Jersey gross income tax refund was timely filed with the Division of Taxation. They assert that a taxpayer may obtain a state tax refund beyond the three-year statute of limitations period if the taxpayer’s federal taxable income for any tax year is “changed or corrected by the United States Internal Revenue Service or other competent authority” pursuant to N.J.S.A. 54A:8-7. Taxpayers claim that by issuing a “Statement of Change” in their “Account,” the IRS recognized a change in their 1985 federal taxable income within the meaning of § 7 and, therefore, they contend that they are entitled to a New Jersey gross income tax refund.
The Director asserts that taxpayers are barred from obtaining a New Jersey gross income tax refund by the three-year statute of limitations mandated by N.J.S.A. 54A:9-8(a). The Director contends that N.J.S.A. 54A:9-8(a), with N.J.S.A. 54A-.8-7, permits an extension of the three-year limitations period only when a change in federal taxable income has been initiated by the IRS or other competent authority for the tax year for. which the refund is sought. The Director contends *377 that since the IRS change was a deduction on taxpayers’ 1989 federal income tax return and did not change taxpayers’ 1985 tax return, the change at issue was not a change or correction of their 1985 federal tax return by this authority.
I.
The claim-of-right doctrine in federal law is a judge-made doctrine. In 1932, in North American Oil Consolidated v. Burnet, 286 U.S. 417, 52 S.Ct. 613, 76 L.Ed. 1197 (1932), Justice Brandéis set forth the classic formulation of this doctrine as follows:
If a taxpayer receives earnings under a claim of right and without restriction as to its disposition, he has received income which he is required to [report on his tax] return, even though it may still be claimed that he is not entitled to retain the money, and even though he may still be adjudged liable to restore its equivalent.
[ 286 U.S. at 424, 52 S.Ct. at 615, 76 L.Ed. at 1200-01 (citations omitted).]
Pursuant to the claim-of-right doctrine formulated by the Court, if a taxpayer is required to return amounts which previously have been included in income, the taxpayer is permitted a deduction in the year of repayment. Ibid. See also Healy v. Commissioner of Int. Rev., 345 U.S. 278, 73 S.Ct. 671, 97 L.Ed. 1007 (1953); United States v. Lewis, 340 U.S. 590, 71 S.Ct. 522, 95 L.Ed. 560, reh’g den. 341 U.S. 923, 71 S.Ct. 741, 95 L.Ed. 1356 (1951).
Over time, the Court recognized the potential inequities in limiting the claim-of-right doctrine to the year of repayment. In 1952, the dissent in United States v. Lewis indicated that there may be “many inequities ... inherent in the income tax” where income is included in one year and a deduction is only allowed for repayment of some or all of this income in a subsequent year. 340 U.S. at 592, 71 S.Ct. at 523, 95 L.Ed. at 563 (Douglas, J., dissenting). Several 1951 and 1952 opinions called attention to the fact that inter-year changes such as decreases in income or fluctuations in tax rates could clearly disadvantage a taxpayer. See Healy, 345 U.S. at 284, 73 S.Ct. at 675, 97 L.Ed. at 1013; United States v. Skelly Oil, 394 U.S. *378 678, 680-81, 89 S.Ct. 1379, 1381, 22 L.Ed.2d 642, 647, reh’g den. 395 U.S. 941, 89 S.Ct. 1992, 23 L.Ed.2d 458 (1969).
To remedy the inequities in the claim-of-right doctrine, the 1954 revision of the federal Internal Revenue Code added § 1341. This code section provides a taxpayer with two alternative methods of calculating a claim of right adjustment. IRC § 1341(a)(4), (5). Under § 1341, the taxpayer has the option of calculating the tax either (1) taking the deduction in the year of repayment or (2) as if the repayment had been excluded in the year the claim of right income was first reported.[2]
Thus, under the claim-of-right doctrine, the Wigtons were required to report their entire capital gain income in 1985 but, under § 1341, had the option in the 1989 year of repayment to either (1) deduct the repayment amount or (2) deduct from their 1989 tax an amount equal to the difference between the tax actually paid in 1985 and the tax that would have been paid if the amount of the repayment had not been included in 1985 income. The Wigtons chose to calculate the 1989 deduction as if the repayment had not been included in 1985 income. They received a refund on their 1989 tax from the IRS based on this calculation. See IRC § 1341(b)(1).
Federal and state case law interpreting § 1341 holds that this section does not result in a reopening of the earlier taxable year. See, e.g., Skelly Oil, supra; North American Oil, supra; Kreiss v. New York State Tax Comm’n, 61 N.Y.2d 916, 474 N.Y.S.2d 717, 463 N.E.2d 33 (1984). The prior year is simply used as a means of determining the least amount of tax due under the § 1341 recalculation.
*379 The New Jersey Gross Income Tax Act does not contain a provision similar to § 1341 of the Internal Revenue Code. It is thus clear that the New Jersey Legislature has not adopted the federal claim-of-right alternative calculations allowing a taxpayer to calculate tax due in the year of repayment using the original payment year as the basis for calculation instead of the repayment year.
II.
Whether taxpayers in the subject case have filed a timely gross income tax refund claim turns on an interpretation of the refund provisions of the New Jersey Gross Income Tax Act. N.J.S.A. 54A:9-8(a) provides a three-year statute of limitations for refund claims as follows:
General. Claim for credit or refund of an overpayment of income tax shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later____ If the claim is filed within the 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim plus the period of any extension of time for filing the return____
N.J.S.A. 54A:9-8(c) contains a two-year extension of time to file a claim for refund where changes are made in a taxpayer’s federal tax return. In pertinent part, N.J.S.A. 54A:9-8(c) states:
If a taxpayer is required by section 54A:8-7 to report a change or correction in Federal taxable income reported on his Federal income tax return, or to report a change or correction which is treated in the samé manner as if it were an overpayment for Federal income tax purposes, or to file an amended return with the Director, claim for credit or refund of any resulting overpayment of tax shall be filed by the taxpayer within 2 years from the time the notice of such change or correction or such amended return was required to be filed with the director____ This subsection shall not affect the time within which or the amount for which a claim for credit or refund may be filed apart from this subsection.
N.J.S.A. 54A:8-7 requires a taxpayer to report a change or correction in a federal income tax return within 90 days of the final determination of such change:
If the amount of a taxpayer’s Federal taxable income reported on his Federal income tax return for any taxable year is changed or corrected by the United States Internal Revenue Service or other competent authority ... the taxpayer *380 shall report such change or correction in Federal taxable income within 90 days after the final determination of such change [or] correction ... and shall concede the accuracy of such determination or state wherein it is erroneous. Any taxpayer filing an amended Federal income tax return shall also file within 90 days thereafter an amended return under this act, and shall give such information as the director may require.
The IRS did not change or correct taxpayers’ 1985 federal income tax return but merely used it as the basis for determining the appropriate § 1341 adjustment to be made as a result of repayments taxpayers made in 1989. Therefore, there was no change in taxpayers’ 1985 federal tax return, only a reduction in the 1989 federal tax due on their 1989 return. Thus, taxpayers are not entitled to an extension of the three-year statute of limitations for filing a refund claim because taxpayers’ 1985 federal income tax return was not “changed or corrected” by the IRS.[3] N.J.S.A. 54A:8-7, 54A:9-8(c). I find that taxpayers may not rely on the extension provided in N.J.S.A. 54A:9-8(c) and :8-7 to pursue a claim for a 1985 state income tax refund based on changes made to their 1989 federal income tax return.
Taxpayers’ claim for a 1985 New Jersey gross income tax refund, having been made beyond the three-year statute of limitations period, is denied. The Clerk of the Tax Court is directed to enter judgment affirming the Director’s denial of taxpayers’ claim for refund.

At the time of the institution of the civil action as well as at the time of the settlement agreement and the repayments, taxpayers were within the statutory time period to file a claim for refund. The amended 1985 gross income tax return was not filed until June 8, 1990, more than three years after the filing of the first 1985 tax return.

Section 1341(a) provides that the tax due in the repayment year shall be the lesser of the following:
(4) the tax for the taxable year computed with such deduction; or
(5) an amount equal to—
(A) the tax for the taxable year computed without such deduction, minus
(B) the decrease in tax under this chapter ... for the prior taxable year (or years) which would result solely from the exclusion of such item (or portion thereof) from gross income for such prior taxable year (or years).

See also Muschenheim’s Estate v. Director, Div. of Taxation, 5 N.J.Tax 361 (Tax Ct.1983) for a similar result.